SPARKS *v.* LUPLOW.

1. APPEAL AND ERROR—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.
    The facts are reviewed in the light most favorable to plaintiff on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto.*

2. TRIAL—DIRECTED VERDICT—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE—QUESTION FOR JURY.
    A question is presented for the jury where such facts are presented that reasonable men could honestly reach a different conclusion when testing whether or not to grant or deny a motion for a directed verdict or a motion for judgment *non obstante veredicto.*

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BANANA PEEL IN AISLE—QUESTION FOR JURY.
    Evidence presented in customer's action against store proprietor for injuries sustained when he slipped on a banana peel in the aisle *held,* to have presented a question of fact for the jury as to such defendant's negligence and as to plaintiff's contributory negligence.

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted October 9, 1963. (Calendar No. 10, Docket No. 49,683.) Decided December 27, 1963. Rehearing denied February 10, 1964.

Case by James Sparks against Ella Luplow and S. S. Kresge Company, a Michigan corporation, for

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 848, 849.
[2] 53 Am Jur, Trial § 336 *et seq.*
[3] 38 Am Jur, Negligence §§ 344, 348.
    Liability of proprietor of store, office or similar business premises for injury from fall due to presence of litter or debris on floor. 61 ALR2d 6.

personal injuries sustained by fall in store. Verdict and judgment against corporate defendant, which appeals. Affirmed.

*Joseph J. Trogan,* for plaintiff.

*Stanton, Taylor, McGraw & Collison (Charles C. Collison,* of counsel), for defendant S. S. Kresge Company.

KAVANAGH, J.   This action was brought in the Saginaw county circuit court to recover damages for injuries sustained by plaintiff as a result of a fall in defendant S. S. Kresge Company's Saginaw store. Defendant Ella Luplow was an employee in defendant company's store.

The amended declaration alleged joint and several liability on the part of the defendants for negligence in not maintaining the floor of the store in a safe condition.   It further alleged plaintiff's fall was caused by his stepping on a banana, which defendants had negligently permitted to remain on the floor.   Defendants' answer denied negligence and affirmatively asserted contributory negligence of plaintiff in not observing the banana before he stepped on it.

The trial court submitted the questions of negligence and contributory negligence to the jury, and in regard to contributory negligence submitted the following special question:

"Should the plaintiff have seen or discovered the banana before he slipped on it?"

The jury returned a verdict of $14,000 against defendant Kresge Company and of no cause for action against defendant Luplow.   The jury answered the above special question in the negative.

From the denial of its alternative motion for judgment notwithstanding the verdict or for a new trial,

and from the entry of judgment in accordance with the verdict, defendant Kresge Company appeals.

It is defendant's claim on appeal that plaintiff's proof of facts by which he sought to establish constructive notice in defendant company of an unsafe condition was insufficient to create a fact question for the jury, and that the trial court erred in not ruling as a matter of law that plaintiff was contributorily negligent in his failure to notice the unsafe condition which allegedly caused his fall, namely, the presence of the banana on the floor.

A proper consideration of these claims of error necessitates an examination of the facts surrounding the injurious fall. Plaintiff entered defendant Kresge Company's store approximately 1 hour before the time of the fall. He spent that hour shopping for and purchasing several items from different departments in the store. Approximately 20 minutes prior to his fall, plaintiff, carrying a rather large package containing items previously purchased in the store, walked north near the toilet articles counter, which constituted the western side of the 5-1/2-foot-wide aisleway bounded on the east by the candy counter. At the north end of the toiletries counter, plaintiff made additional purchases, after which he reversed his direction and proceeded south on the eastern side of the same 5-1/2-foot-wide aisleway with the intention of purchasing some candy. As he walked south, plaintiff's attention was focused on the various candies, which were displayed with such attractive devices as floodlights. After making the last of his purchases of candy, plaintiff turned to his right (south) to step away from the candy counter. At this point his right heel slipped on a banana and he fell backwards to the floor.

Plaintiff testified that he had walked carefully in the store, but that while he had passed the point of the fall some 20 minutes prior to the accident, he had

not seen the banana when he passed, nor at any time prior to falling. He could not recall having looked at the floor of the aisleway at all before he fell.

After the fall plaintiff was lying next to the candy counter within the southern 1/3 of the 45-foot-long aisleway. Defendant Ella Luplow disclosed on deposition that she immediately picked up and disposed of the banana, which was partially mashed where plaintiff's heel had stepped on it. She then wiped the floor with a paper towel and gave a paper towel to plaintiff so that he might wipe the heel of his shoe, which she saw contained matter appearing to be from the banana.

Plaintiff, defendant Luplow, and the store manager all testified they had not seen the banana lying on the floor prior to the fall. Defendant Luplow had been arranging candies within 2 or 3 feet of the spot of the fall for approximately 20 minutes prior to the fall and had left to return behind the counter when the fall occurred. The store manager testified he had walked down that particular aisleway several times that afternoon, the last time being approximately 5 minutes before the accident. His testimony further shows that if the janitor had performed his sweeping duties in the usual manner, the floor at this spot would have been swept some time within half an hour before the accident.

No one testified to having seen any customer in the store carrying bananas that day; and neither the plaintiff, defendant Luplow, nor the store manager remembered seeing any customer other than the plaintiff in the aisleway for at least 20 minutes before the fall, except for the slightly disputed presence of plaintiff's friend, a man, who had accompanied plaintiff in his previous purchases. Defendant store had no bananas on sale that day except as part of salads and banana splits at its lunch counter.

The proofs further showed that at least half of the store's 50 employees brought their lunches from home, and many of these sometimes brought bananas.

The floor of the store was dry, and no proofs indicate that any slippery substance was on the plaintiff's rubber-heeled shoes prior to the alleged contact with the banana. The evidence also indicates that there existed in defendant store a generally well-executed policy of keeping the floors free of debris.

These are the facts which appellant claims are insufficient, as a matter of law, to support the jury's finding of negligence and which appellant also claims required the trial court to rule plaintiff guilty of contributory negligence as a matter of law. With these claims the trial court disagreed.

It is a well-settled principle of law that on review of a trial court's refusal to grant a motion for a directed verdict or judgment *non obstante veredicto,* the facts are reviewed in the light most favorable to plaintiff. *Tacie* v. *White Motor Co.,* 368 Mich. 521, 527. The test used is whether from the facts in the light most favorable to plaintiff, reasonable men could honestly reach a different conclusion. If the answer to this is "yes," the question is for the jury. *Anderson* v. *Gene Deming Motor Sales, Inc.,* 371 Mich 223.

Might reasonable minds differ as to whether defendant Kresge Company was guilty of negligence in not seeing and removing the banana from the floor prior to plaintiff's fall, in view of the store manager's testimony that he had been down the aisle several times that afternoon, the last time approximately 5 minutes before the accident, and in view of his testimony that if the janitor had performed his sweeping duties in the usual manner, the floor would have been swept some time within a half hour before the accident? Might not reasonable minds

infer the failure to sweep, together with the failure on the part of the store manager and defendant Luplow to see the banana, which was admittedly there and may have been there long enough for them to have found it in the exercise of ordinary care, constituted negligence?

Might not reasonable minds differ as to whether plaintiff was guilty of contributory negligence in failing to see the banana prior to his contact with it?

From an examination of the facts in the light most favorable to plaintiff, we conclude reasonable minds might so differ based on the facts in the record.

We come to the conclusion that the trial court was not in error in refusing to direct a verdict for defendants and in denying defendant Kresge Company's motion for judgment *non obstante veredicto* or in the alternative for a new trial.

The judgment of the lower court is affirmed. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, and O'HARA, JJ., concurred.