TAHASH v FLINT DODGE COMPANY

Docket No. 57283. Argued October 5, 1976 (Calendar No. 8).—Decided December 31, 1976.

Anna Tahash, for herself and as administratrix of the estate of Frank Tahash, deceased, brought two actions against Flint Dodge Company and Gloria D. Martorelli for damages arising out of an automobile accident. Mrs. Martorelli was test-driving a car owned by Flint Dodge at the time of the accident, and Flint Dodge brought a cross-complaint against her for indemnification. A jury in Genesee Circuit Court, Thomas C. Yeotis, J., gave a verdict for the plaintiff in each suit and found no cause of action in the claim for indemnification, and the trial court denied Flint Dodge's motion for judgment notwithstanding the verdict on the crossclaim. The Court of Appeals, Bashara, P. J., and J. H. Gillis and Cavanagh, JJ., affirmed on the ground that Flint Dodge's failure to prove that it was not negligent refuted its contention that it was entitled to indemnification as a matter of law (Docket Nos. 20527, 20528). Defendant Flint Dodge appeals. *Held:*

1. The civil liability provision of the Michigan Vehicle Code imposes on an owner of a motor vehicle liability for the negligent operation of the motor vehicle without regard to whether the owner was guilty of negligence. However, the liability of the driver must still be established through proof of negligence on the part of the driver.

2. Flint Dodge became liable solely by operation of the civil liability statute, and there may be indemnity in favor of one who is held responsible solely by operation of law. There is no evidence of an act or omission by which Flint Dodge breached a duty it owed to the plaintiff. Therefore, Flint Dodge is entitled to indemnity from Martorelli, the actual wrongdoer.

Justice Levin concurred in a separate opinion. He agreed that under established doctrine Flint Dodge is entitled to

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1002–1004.
[2, 5] 41 Am Jur 2d, Indemnity §§ 19–27.
[3, 5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 611, 613.
[4, 5] 7 Am Jur 2d, Automobiles and Highway Traffic § 582.

indemnification as a matter of law, but wrote to suggest that on a record and with briefs directed to the question, it would be appropriate to consider whether the common law should continue to recognize an action for indemnity by an owner of an automobile against a person driving it with his permission. The expectation that under these circumstances the driver undertakes to hold the owner harmless is anachronistic in the context of the almost universal expectation, with mandatory automobile liability insurance, that there is liability coverage. Automobile liability indemnification judgments that are collected are in the main paid by insurers; loss of recoveries, resulting from elimination of such actions, would be largely offset by relief from being required to respond in such actions.

Reversed and remanded for entry of a judgment notwithstanding the verdict in favor of Flint Dodge on its crossclaim for indemnification.

OPINION OF THE COURT

1. AUTOMOBILES—NEGLIGENCE—LIABILITY OF OWNER—MICHIGAN VEHICLE CODE.

The civil liability provision of the Michigan Vehicle Code imposes on an owner of a motor vehicle liability for the negligent operation of the motor vehicle without regard to whether the owner was guilty of negligence; however, the liability of the driver must still be established through proof of negligence on the part of the driver (MCL 257.401; MSA 9.2101).

2. INDEMNITY—TORTS—LIABILITY BY OPERATION OF LAW.

There may be indemnity in favor of one who is held liable solely by operation of law; in such cases, the actual wrongdoer must bear the entire burden of the judgment.

3. INDEMNITY—NEGLIGENCE—AUTOMOBILES—LIABILITY OF OWNER.

An automobile dealer, owner of an automobile, who has become liable to a third person injured by one whom the owner has granted permission to test-drive his car solely by virtue of the civil liability provision of the Michigan Vehicle Code is entitled to recover indemnity from the operator of the car in the absence of any act of negligence chargeable to the owner (MCL 257.401; MSA 9.2101).

CONCURRING OPINION

LEVIN, J.

4. INDEMNITY—NEGLIGENCE—AUTOMOBILES—LIABILITY OF OWNER.

*It is appropriate for the Supreme Court, on a record and with*

*briefs directed to the question, to consider whether the common law should continue to recognize an action for indemnity by an owner of an automobile against a person driving it with his permission now that automobile liability insurance is mandatory by statute (MCL 500.3101; MSA 21.13101).*

5. INDEMNITY—DUTY TO INDEMNIFY—COMMUNITY OPINION—AUTOMO-
BILES—LIABILITY INSURANCE.

*The duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other; the existing precedent by which one who drives an automobile with the owner's permission undertakes to hold the owner harmless is anachronistic in the context of the almost universal expectation that there is liability insurance coverage, and especially anomalous when the use of the automobile tends to benefit the owner.*

*Wilson, Portnoy, Basso & Leader, P. C.,* for defendant Flint Dodge Company.

*Gault, Davison, Bowers & Hill* for defendant Gloria D. Martorelli.

LINDEMER, J. At issue in this appeal is whether the trial judge erroneously denied a motion for judgment nothwithstanding the verdict in an action for indemnification brought by the owner of a vehicle against a negligent driver. The vehicle in question was owned by the Flint Dodge Company. At the time of the accident the car was being driven by Mrs. Gloria Diane Martorelli. As is customary in the marketing of automobiles, Flint Dodge was permitting Martorelli to test-drive the vehicle. It was during this trial period that the accident occurred.

Anna and Frank Tahash were injured when their vehicle was struck by the Dodge. Mrs. Tahash brought suit in her own name and as administratrix of her husband's estate (Mr. Tahash died of causes unrelated to the accident) against Flint Dodge and Martorelli. In each of these actions

Flint Dodge filed a cross-complaint for indemnification against Martorelli. Flint Dodge alleged that its liability, if any, was passive in nature and arose solely by operation of law.

At trial, neither of the occupants of the vehicles involved in the accident could recall details of its occurrence. Several motorists and policemen were called to testify concerning the facts and circumstances surrounding the accident. This evidence indicated that, during a snowstorm, the Flint Dodge/Martorelli vehicle went out of control, spun, and collided with the oncoming Tahash vehicle.

Both Mr. and Mrs. Martorelli testified that Flint Dodge was the owner of the vehicle and that the test drive was being conducted at the suggestion of a salesman.

At the conclusion of proofs both of Tahash's actions ended in directed verdicts of liability against both defendants, although the jury was permitted to deliberate upon the amount of damages to be awarded. A decision on Flint Dodge's motion for a directed verdict on its cross-complaint for indemnification was reserved by the trial judge pending the jury's decision.

The jury returned with a verdict in favor of Martorelli on the cross-claim. The trial judge then considered the motion for directed verdict on the cross claim as a motion for judgment notwithstanding the verdict and denied it. In a memorandum opinion filed June 27, 1975, the Court of Appeals affirmed. On December 5, 1975, this Court granted Flint Dodge's application for leave to appeal. 395 Mich 803 (1975).

I.

The Michigan civil liability statute, MCLA 257.401; MSA 9.2101 provides that:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

The statute imposes liability upon the owner of a motor vehicle without regard to whether the *owner* was guilty of negligence. However, the liability of the *driver* to the injured party must still be established through proof of negligence on the part of the driver.

In directing liability against each of the defendants, the trial judge did not explicitly state the theory by which each defendant was held responsible. However, in our opinion, the record leaves no doubt as to the theory which pertains to the liability of either defendant. Martorelli's liability was based on her negligent operation of the motor vehicle, while Flint Dodge's liability was based upon the statute. We find no evidence in the record nor has there been any claim by either counsel which would lead us to conclude otherwise.

II.

It is generally agreed that there may be indemnity in favor of one who is held responsible solely by operation of law. In such cases, the actual wrongdoer must bear the entire burden of the judgment. Prosser, Torts (4th ed), § 51, p 310; Restatement Restitution, § 96, p 418; 41 Am Jur 2d, Indemnity, § 20, p 706.

In *Dale v Whiteman,* 388 Mich 698; 202 NW2d 797 (1972), an owner of a motor vehicle (Whiteman) was held liable to plaintiff (Dale). Whiteman's liability was predicated upon MCLA 257.401; MSA 9.2101 and was described as liability "without personal fault". Whiteman prevailed on his cross claim for indemnification against the employer of the driver on a motion for summary judgment. In upholding Whiteman's right to indemnity, the court said:

"We prefer to base such right upon the equitable principle that Whiteman was without personal fault or as the United States Supreme Court reasoned in *Italia Societa per Azioni di Navigazione v Oregon Stevedoring Co, Inc,* 376 US 315, 324; 84 S Ct 748; 11 L Ed 2d 732 (1964): '[L]iability should fall upon the party best situated to adopt preventive measures and thereby to reduce the likelihood of injury.'" *Dale v Whiteman, supra,* 706.

Appellee has been unable to single out any evidence suggesting negligence on the part of Flint Dodge. Instead she characterized the lawsuit for indemnification as an effort by Flint Dodge to pawn off its share of the verdict onto "young Gloria Martorelli with her big family of small children".

Appellee argued that Martorelli was not involved in the negotiation with Flint Dodge and that all suggestions concerning the test drive came from the salesman. It was also suggested that Flint Dodge took a calculated risk in loaning out its vehicle to Martorelli, chancing the possibility of accident against the probability of sale. Finally, appellee contends that as only Flint Dodge could profit or derive a benefit from the test drive it should be unable to avoid its share of the liability.

These arguments are not evidence of culpable negligence on the part of appellant. Appellee cites no act or omission by which Flint Dodge breached a duty it owed to the plaintiff.

In *Lunderberg v Bierman,* 241 Minn 349, 355; 63 NW2d 355; 43 ALR2d 865 (1954), a case whose facts are similar to *Dale v Whiteman, supra,* the Supreme Court of Minnesota said:

"[W]here the owner of an automobile has become liable to a third person injured by one to whom the owner has granted permission to drive his car solely by virtue of the financial liability act, such owner is entitled to recover indemnity from the operator of the car in the absence of any active negligence chargeable to the owner."

The *Lunderberg v Bierman* language fits the facts presented by this appeal. Flint Dodge has become liable solely by operation of Michigan's civil liability statute. Flint Dodge is entitled to indemnity from Martorelli.

Our review of the trial judge's refusal to grant a motion for judgment notwithstanding the verdict was done in accord with the principle set forth in *Sparks v Luplow,* 372 Mich 198; 125 NW2d 304 (1963). We have reviewed the record in a light most favorable to Martorelli. In spite of that advantage we must still conclude that as Flint Dodge's liability to plaintiff was mandated by operation of law and as there was no evidence in the record that Flint Dodge was negligent, the trial judge erred in failing to grant judgment *n.o.v.*

The decisions of the trial court and the Court of Appeals are reversed. The case is remanded to the trial court for entry of a judgment notwithstanding the verdict in favor of Flint Dodge on its cross-

claim for indemnification against Martorelli. Costs are awarded to appellant.

KAVANAGH, C. J., and WILLIAMS, COLEMAN, FITZGERALD, and RYAN, JJ., concurred with LINDEMER, J.

LEVIN, J. *(concurring).* Gloria Martorelli was test driving an automobile, owned by Flint Dodge Company, when it collided with an automobile driven by Frank Tahash. Actions were commenced against Martorelli and Flint Dodge for damages incurred by Tahash and his wife, Anna. Flint Dodge filed a cross-complaint against Martorelli for indemnity. The jury verdicts were for the Tahashes against Flint Dodge and Martorelli and no cause for action on the cross-complaint.

I agree with my colleagues that under established doctrine Flint Dodge, which is vicariously liable[1] and was not at fault, is entitled to indemnification as a matter of law.[2]

I write separately to suggest that on a record and with briefs directed to the question, it would be appropriate to consider whether the common law should continue to recognize an action for indemnity by an owner of an automobile against a person driving it with his permission.

Prosser stated that "the duty to indemnify will be recognized in cases where community opinion would consider that in justice the responsibility should rest upon one rather than the other".[3] A

---

[1] Flint Dodge's liability arises under the civil liability act, MCLA 257.401; MSA 9.2101.

[2] Prosser on Torts (4th ed), § 51, p 311; 41 Am Jur 2d, Indemnity, § 20, pp 707–708; 42 CJS, Indemnity, § 21, p 598.

[3] Prosser, *supra*, § 52, p 313.

" * * * a right to indemnity exists whenever one party is exposed to liability by the action of another who, in law or equity, should make good the loss of the other." 41 Am Jur 2d, Indemnity, § 19, p 705.

straw in the wind regarding community opinion is the verdict of no cause for action on the cross-complaint.

Under existing precedent, a consumer who test drives, a family friend who borrows, and even an employee who uses an automobile on his employer's business,[4] undertake to hold the owner harmless. This is anachronistic in the context of the almost universal expectation, now that automobile liability insurance is mandatory,[5] that there is liability coverage.

The doctrine is especially anomalous when the use of the automobile tends to benefit the owner: an employee on his employer's business, a customer test driving with the thought of purchasing. It may not be too much to say that today there is an implication of insurance coverage of the driver in such situations that estops an owner (and his insurer) from seeking indemnification.

It does not appear whether Flint Dodge or Martorelli or both were insured for liability.

If Martorelli was insured, then this is an action between insurance companies, obliged under present doctrine to sue each other defensively to offset the cost of such actions.

Automobile liability indemnification judgments that are collected are in the main paid by insurers; loss of recoveries, resulting from elimination of such actions, would be largely offset by relief from being required to respond in such actions.

"The obligation to indemnify may grow out of an implied contractual relation or out of a liability imposed by law. Thus, where one is compelled to pay money which in justice another ought to pay, or has agreed to pay, the former may recover from the latter the sums so paid, unless the one making the payment is barred by the wrongful nature of his conduct." 42 CJS, Indemnity, § 20, pp 594–595.

[4] *See* Steffen, *The Employer's "Indemnity" Action,* 25 U Chi L Rev 465 (1958).

[5] MCLA 500.3101; MSA 24.13101.

Abolishing the automobile liability indemnity action appears to be in the interest of owners, drivers, insurers and the public at large. Court calendars would be lightened. The costs of litigation and claim adjustment would be eliminated. Except for dealerships and other enterprises which recurringly lease or lend automobiles and do not carry coverage for the drivers, insurance costs would not increase and might even, in admittedly attenuated measure, diminish.