STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
TAYLOR

Docket No. 77-4997. Submitted May 2, 1978, at Lansing.—Decided
May 23, 1978. Leave to appeal applied for.

Ursula Taylor was killed while a passenger in her own car which
was being driven, with her consent, by Rick Kirgis, when the
car left the road and struck a tree. Mrs. Taylor was insured by
State Farm Mutual Automobile Insurance Company. Mr. Kirgis
was covered by a policy issued to his father by Home Mutual
Insurance Company. Tyrone Taylor, as the special administra-
tor of the estate of Ursula Taylor, deceased, commenced an
action against, *inter alia,* Rick Kirgis. Rick Kirgis demanded
that State Farm defend him in this action because Mrs. Tay-
lor's policy extended coverage to permissive users of her vehi-
cle. State Farm then commenced an action for declaratory
judgment against Mr. Taylor, as administrator of his deceased
wife's estate, Rick Kirgis, Reginald Kirgis and Home Mutual
Insurance Company claiming that State Farm had no duty to
defend or insure Rick Kirgis because of an exclusion in the
policy issued to Mrs. Taylor. Summary judgment for plaintiff,
Ingham Circuit Court, Michael G. Harrison, J. Defendant Home
Mutual Insurance Company appeals. *Held:*

State Farm is under a duty to defend because the exclusion-
ary clause under which they sought to avoid this duty is
invalid.

Reversed.

AUTOMOBILES—INSURANCE—EXCLUSIONARY CLAUSES—DUTY TO DEFEND
—NAMED INSURED.

An exclusionary clause in an automobile insurance policy which
provides that the insurance does not apply under the residual
liability insurance coverage "to bodily injury to any insured or
any member of the family of any insured residing in the same

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 131.
Validity, construction and application of provisions of automobile
liability policy excluding from coverage injury or death of mem-
ber of family or household of insured. 46 ALR3d 1024.

household as the insured" is invalid and an insurer may not rely on that exclusion to avoid a duty to defend a defendant, who was driving a vehicle owned by a named insured under the policy, with the owner's permission, and thereby came within the policy's definition of "insured", in a lawsuit started by the vehicle's owner who was injured as a passenger in the vehicle driven by the defendant.

*Willingham, Coté, Hanslovsky, Griffith & Foresman, P. C.,* for plaintiff.

*Mainolfi, McGraw & Borchard,* for defendant Home Mutual Insurance Company.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant appeals from a summary judgment granted to plaintiff in a declaratory judgment action. On October 9, 1974, Mrs. Taylor was killed while a passenger in her own car which was being driven by Rick Kirgis when the car left the road and struck a tree. At the time of the accident, Mrs. Taylor had in effect an insurance policy issued to her by plaintiff. Because Rick Kirgis resided with his father at the time of the accident, he was covered under his father's policy issued by Home Mutual Insurance Company.

Decedent's husband was appointed special administrator of her estate, and he commenced suit in Bay County Circuit Court on May 12, 1975, seeking relief against, *inter alia,* Rick Kirgis. Because Mrs. Taylor's insurance policy extended coverage to permissive users of her vehicle, Mr. Kirgis demanded that plaintiff defend him in that action.

Plaintiff then filed a complaint for a declaratory judgment claiming that it had no duty to defend or insure Mr. Kirgis because of an exclusion in the policy issued to Mrs. Taylor which provided:

"Exclusions—Section 1
"This insurance does not apply under:

*   *   *

"(h) Coverage A [residual liability insurance], to *bodily injury* to any *insured* or any member of the family of any *insured residing* in the same household as the *insured.*"

The policy defined insured as follows:

"Insured—The unqualified word 'insured' includes * * * (4) any other *person* while using the *owned motor vehicle,* PROVIDED THE OPERATION AND THE ACTUAL USE OF SUCH VEHICLE ARE WITH THE PERMISSION OF THE NAMED INSURED OR SUCH SPOUSE AND ARE WITHIN THE SCOPE OF SUCH PERMISSION."

Defendants answered the complaint, and plaintiff then filed a motion for summary judgment under GCR 1963, 117.2(3), claiming that there were no material issues of fact, but only questions of law. Briefs were filed, and following oral argument and supplemental briefs, the court entered an opinion granting the motion for summary judgment.

We adopt Judge (now Justice) LEVIN's dissenting opinion in *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513, 524; 194 NW2d 193 (1971), as well as the well-written opinion in *Allstate Insurance Co v Defrain,* 81 Mich App 503; 265 NW2d 392 (1978), and, on the basis of those two cases, we reverse and hold that plaintiff is under a duty to defend.

Costs to appellant.