TAHASH v FLINT DODGE COMPANY

Docket No. 57197. Submitted March 2, 1981, at Detroit.—Decided April 22, 1982.

Anna Tahash, for herself and as administratrix of the estate of Frank Tahash, deceased, brought two actions against Flint Dodge Company and Gloria D. Martorelli for damages arising out of an automobile accident. Mrs. Martorelli was test-driving a car owned by Flint Dodge at the time of the accident, and Flint Dodge brought a cross-complaint against Mrs. Martorelli for indemnification. A jury in Genesee Circuit Court, Thomas C. Yeotis, J., gave a verdict for the plaintiff in each suit and found no cause of action in the claim for indemnification, and the trial court denied Flint Dodge's motion for judgment notwithstanding the verdict on the cross-claim. The Court of Appeals affirmed in a memorandum opinion on the ground that Flint Dodge's failure to prove that it was not negligent refuted its contention that it was entitled to indemnification as a matter of law. The Supreme Court reversed and remanded the case to the trial court for entry of a judgment notwithstanding the verdict in favor of Flint Dodge on its cross-complaint for indemnification against Mrs. Martorelli, 399 Mich 421 (1976). The judgment was entered but Mrs. Martorelli refused to satisfy any part of the judgment although Continental Insurance Company, Flint Dodge's insurer, had paid Anna Tahash $25,246.63. Continental moved for a writ of garnishment against Travelers Insurance Company, Mrs. Martorelli's insurer. A writ of garnishment was issued, Thomas C. Yeotis, J. Travelers moved to quash the garnishment proceeding and the parties stipulated that the trial court should decide the case on briefs. The trial court denied Travelers' motion to quash and found Travelers liable for $33,284.75. Travelers appeals. *Held:*

The clause in the insurance policy issued by Continental

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobile Insurance § 433.

Apportionment of liability between automobile liability insurers one or more of whose policies provide against any liability if there is other insurance. 46 ALR2d 1163.

[2] 7A Am Jur 2d, Automobile Insurance § 442.

which states that insurance is provided only if there is no other valid and collectible insurance available, either on primary or excess basis, is void as a matter of public policy because a class of persons is excluded from insurance coverage under Continental's policy. Since this escape clause cannot be enforced, Continental is not relieved of liability in this case.

Reversed.

BEASLEY, J., dissented. He would hold that Continental should recover because it stands in the shoes of its insured, Flint Dodge, and not because of the escape clause in Continental's policy. He would hold Travelers liable because its insured, Mrs. Martorelli, was primarily and directly responsible for the damages and Travelers insured her against such liabilities. All other considerations are irrelevant.

### OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — ESCAPE CLAUSES.

A clause in an automobile insurance policy which states that coverage is provided only if there is no other valid and collectible insurance available, either on a primary or excess basis, is void as a matter of public policy as it violates the financial responsibility law by excluding a class of persons from insurance coverage (MCL 257.520[b][2]; MSA 9.2220[b][2]).

### DISSENT BY BEASLEY, J.

2. INSURANCE — RESTITUTION.

*An insurer is entitled to recover from the insurer of an actively negligent party any amounts the first insurer has paid on behalf of one of its insureds where the insured was liable only through operation of law and subsequent proceedings resulted in the actively negligent party being found liable for all damages.*

*Wilson, Portnoy, Basso & Leader, P.C.* (by *James. M. Pidgeon*), for Flint Dodge Company.

*William E. Jungeheld,* for Travelers Insurance Company.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

P. J. MARUTIAK, J. The garnishee defendant, Travelers Insurance Company, appeals by right from an order denying its motion to quash garnishment proceedings and finding liability for $33,-284.75 in favor of Flint Dodge Company and its insurer, Continental Insurance Company.

This case has had a long history in the appellate courts. See 399 Mich 421; 249 NW2d 110 (1976). In December, 1968, Frank and Anna Tahash were driving in Genesee County when a car driven by defendant Gloria D. Martorelli crossed the highway center line and crashed into the Tahash vehicle. The automobile driven by Mrs. Martorelli was owned by Flint Dodge and was being test-driven by her to determine whether or not she would purchase the vehicle. Both Tahashes were injured in the accident. Mrs. Tahash brought this suit in her own name and as administratrix of her husband's estate (Mr. Tahash died of causes unrelated to the accident) against Flint Dodge and Mrs. Martorelli. The cases were consolidated for trial. Flint Dodge was insured by Continental Insurance Company (Continental). Gloria D. Martorelli and her husband were insured by Travelers. In each of these actions Flint Dodge filed a cross-complaint for indemnification against Gloria Martorelli. Flint Dodge alleged that its liability, if any, was passive in nature and arose solely by operation of law, MCL 257.401; MSA 9.2101.[1]

A trial was held and evidence adduced showed

---

[1] "Sec. 401. Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the state or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor

that during a snow storm the automobile driven
by Mrs. Martorelli went out of control, spun and
collided with the oncoming Tahash car. Both Mr.
and Mrs. Martorelli testified that Flint Dodge was
the owner of the vehicle driven by Mrs. Martorelli
and that the test-drive was being conducted at the
suggestion of a salesman. At the conclusion of the
proofs, both of the Tahash actions ended in di-
rected verdicts of liability against Mrs. Martorelli
and Flint Dodge, although the jury was permitted
to deliberate upon the amount of damages to be
awarded. A decision on Flint Dodge's motion for a
directed verdict on its cross-complaint for indemni-
fication was reserved by the trial judge pending
the jury's decision. The jury awarded Anna Ta-
hash $15,000 for her injuries, and the estate of
Frank Tahash was awarded $2,500. The jury re-
turned a verdict in favor of Mrs. Martorelli on the
cross-claim. The trial judge then considered the
motion for a directed verdict on Flint Dodge's
cross-claim as a motion for judgment notwith-
standing the verdict and denied it.

Flint Dodge appealed the trial court's denial of
its motion for a directed verdict against Mrs.
Martorelli, and this Court affirmed in a memoran-
dum opinion. The Supreme Court reversed and
remanded the case to the trial court for entry of a

vehicle is being driven with his or her express or implied consent or
knowledge. It shall be presumed that such motor vehicle is being
driven with the knowledge and consent of the owner if it is driven at
the time of said injury by his or her father, mother, brother, sister,
son, daughter, or other immediate member of the family: Provided,
however, That no person, transported by the owner or operator of a
motor vehicle as his guest without payment for such transportation
shall have a cause of action for damages against such owner or
operator for injury, death or loss, in case of accident, unless such
accident shall have been caused by the gross negligence or wilful and
wanton misconduct of the owner or operator of such motor vehicle
and unless such gross negligence or wilful and wanton misconduct
contributed to the injury, death or loss for which the action is
brought."

judgment notwithstanding the verdict in favor of Flint Dodge on its cross-complaint for indemnification against Mrs. Martorelli. Thereafter, the trial court entered a judgment notwithstanding the verdict in favor of Flint Dodge requiring Mrs. Martorelli to pay Flint Dodge $17,500 plus costs, interest and attorney fees in the amount of $7,746.63, the total amounting to $25,246.63.

Mrs. Martorelli refused to satisfy any portion of the judgment, notwithstanding the fact that Flint Dodge had paid Anna Tahash $25,246.63. On April 11, 1977, Continental, Flint Dodge's insurer, moved for a writ of garnishment against Travelers, Mrs. Martorelli's insurer. A writ of garnishment issued. After lengthy proceedings below, including a default judgment, the parties stipulated that the trial court should decide the case on briefs, Travelers having moved to quash the garnishment proceeding.

In that proceeding, Travelers contended that it was not liable because its insurance policy with Gloria Martorelli provided excess coverage over and above the coverage provided to Flint Dodge by Continental. Continental argued that the policy between Mrs. Martorelli and Travelers was the primary coverage in this case because Travelers' policy specifically provided coverage under the facts involved herein, and the act of negligence on the part of Mrs. Martorelli gave rise to the injuries sustained by Mr. and Mrs. Tahash.

At issue is that portion of the Continental policy insuring Flint Dodge which reads:

"Each of the following is an insured under this insurance to the extent set forth below:

"(e) with respect to the operation, for the purpose of locomotion upon a public highway, of mobile equipment

registered under any motor vehicle registration law;
* * *

"(ii) any other person while operating with the permission of the named insured any such equipment registered in the name of the named insured and any person or organization legally responsible for such operation, but only if there is no other valid and collectible insurance available, either on a primary or excess basis, to such person or organization."

Continental argues that § (e)(ii) relieves it of liability in this case. Travelers counters that the escape clause cannot be enforced for two reasons: first, the escape clause is void as a matter of public policy as it violates the financial responsibility act, MCL 257.520(b)(2); MSA 9.2220(b)(2), and second, the Martorelli policy with Travelers contains an "excess" clause limiting Travelers' liability where an insured is driving a nonowned automobile to the excess amount over and above the policy limits in the other valid and collectible insurance policy.

We agree that the escape clause in the Continental policy is void because it contravenes MCL 257.520(b)(2); MSA 9.2220(b)(2). This is so because a class of persons is excluded from insurance coverage. If an insured has a policy providing insurance coverage while he or she is driving an unowned vehicle, that person is excluded from coverage under Flint Dodge's policy with Continental.

Michigan courts have taken a dim view of exclusion clauses which would operate to violate the public policy of the financial responsibility act, MCL 257.520(b)(2); MSA 9.2220(b)(2). See, *inter alia, State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51, 54; 272 NW2d 555 (1978); *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977); *Allstate Ins Co v Motor State Ins Co,* 33 Mich App 469; 190 NW2d 352 (1971); *State Farm*

*Mutual Ins Co v Taylor,* 83 Mich App 603; 269
NW2d 242 (1978); and *Detroit Automobile Inter-
Ins Exchange v Irvine,* 92 Mich App 371; 284
NW2d 535 (1979).[2]

Reversed, costs to Travelers Insurance Company.

R. M. MAHER, P.J., concurred.

BEASLEY, J. *(dissenting).* I respectfully dissent.

The active negligence which caused the damages
giving rise to this litigation was that of Travelers'
insured, Gloria D. Martorelli. The liability imposed
upon Continental's insured, Flint Dodge, was de-
rivative and passive, arising out of their ownership
of the vehicle driven by Martorelli, with Flint
Dodge's consent, in the collision.

As between Travelers' insured (Gloria Marto-
relli) and Continental's insured (Flint Dodge), Mar-
torelli was liable to Flint Dodge. Any doubt on
that score was resolved by *Tahash v Flint Dodge
Co,* 399 Mich 421; 249 NW2d 110 (1976). Travelers
insured Martorelli for public liability and property
damage arising out of her negligent driving. As
insurer for Flint Dodge, Continental paid the joint
judgment and costs awarded Tahash. Continental
is entitled to recover that amount from Martorelli.
See 399 Mich 421 (1976). Continental may gar-
nishee Travelers to recover that amount.

The remaining issues appear to be an irrelevant
smokescreen, unnecessary to a decision in this
action. Whether or not the so-called escape clause
in Continental's policy is invalid and unconstitu-
tional is irrelevant. Continental recovers because
it stands in the shoes of its insured, Flint Dodge,

---

[2] We read nothing in the recently decided case of *State Farm
Mutual Automobile Ins Co v Ruuska,* 412 Mich 321; 314 NW2d 184
(1982), that changes our view that this escape clause is not lawful.

not because of any escape clause in its insurance policy.

Neither is the excess clause in Travelers' policy relevant. Travelers is liable because its insured, Gloria Martorelli, was primarily and directly responsible for the damages, and Travelers insured her for such losses. The excess clause is inapplicable.

The fact that Continental chose to satisfy the deserved Tahash judgment should be applauded rather than now used as a device by the insurer of the guilty party to avoid liability.

I would affirm.