ALLSTATE INSURANCE COMPANY *v.* MOTOR
STATE INSURANCE COMPANY

1. AUTOMOBILES — REGISTRATION — REQUIREMENTS — INSURANCE —
MOTOR VEHICLE CLAIMS ACT.

The Legislature, by enacting the Motor Vehicle Accident Claims Act, intended that no automobile should be registered in this state unless the person seeking registration has a policy of liability insurance or pays the uninsured motorist fee (MCLA §§ 257.1102, 257.1104, 257.520[b][2]).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  7 Am Jur 2d, Automobile Insurance §§ 4–10.
[3]  7 Am Jur 2d, Automobile Insurance § 103.

2. AUTOMOBILES—INSURANCE—MOTOR VEHICLE ACCIDENT CLAIMS
ACT—PUBLIC POLICY.

   The Legislature, in enacting the Motor Vehicle Accident Claims
   Act, delineated a clear public policy that automobile liability
   insurance policies must be written in conformity with statutory
   requirements (MCLA § 257.1101).

3. AUTOMOBILES—INSURANCE—EXCLUSIONARY CLAUSES—VALIDITY—
MOTOR VEHICLE ACCIDENT CLAIMS ACT.

   The Motor Vehicle Accident Claims Act does not permit an ex-
   clusionary clause in an automobile insurance policy which pur-
   ports to exclude from coverage one of the named insureds;
   such an exclusionary clause is invalid and of no effect, be-
   cause it is contrary to the public policy of this state (MCLA
   §§ 257.1102, 257.520[b][2]).

Appeal from Wayne, Edward S. Piggins, J. Sub-
mitted Division 1 April 7, 1971, at Detroit. (Docket
No. 8937.) Decided May 18, 1971. Leave to appeal
denied, 386 Mich 760.

Complaint by Allstate Insurance Company against
Motor State Insurance Company and Harley Cope-
land, Jr., administrator of the estate of Bertha M.
Copeland, for a declaratory judgment of the rights
of the parties under a liability insurance policy.
Judgment for plaintiff. Defendants appeal. Af-
firmed.

*Garan, Lucow, Miller & Lehman,* for plaintiff.

*Rouse, Selby, Dickinson, Shaw & Pike (Robert C.
Marshall,* of counsel), for defendant Motor State In-
surance Company.

*Leven & Logan,* for defendant Harley Copeland,
Jr.

Before: LESINSKI, C. J., and V. J. BRENNAN and
DANHOF, JJ.

DANHOF, J.   On December 12, 1966, Motor State Insurance Company issued an automobile liability insurance policy, covering a 1964 Ford automobile, to Judith or Norman L. Bangs.   The automobile was owned by Norman L. Bangs and both he and Judith Bangs were listed as named insureds in the policy. In the policy Norman L. Bangs, whose driver's license had been previously suspended, was listed as an excluded driver.   The policy contained the following clause:

"Such insurance as is afforded by the policy shall be null and void at such times as an owned or non-owned automobile is being operated by an individual named in the Declaration Certificate as an Excluded Driver."

On December 12, 1966, Motor State also issued a certificate of insurance to Judith or Norman L. Bangs which stated:

"This form certifies that a policy has been issued to you covering the described motor vehicle in compliance with the Motor Vehicle Accident Claims Act."

On December 17, 1966, Norman L. Bangs, while operating the 1964 Ford automobile, was involved in an accident with a car driven by Bertha M. Copeland who sustained fatal injuries.

The administrator of Bertha M. Copeland's estate sought to recover from Allstate Insurance Company under the uninsured motorist provision contained in a policy of insurance that Allstate had issued to Bertha M. Copeland.   Allstate commenced this action seeking a declaratory judgment that Norman L. Bangs was not an uninsured motorist.   The trial court found for the plaintiff stating that the exclusionary provisions contained in the policy of

insurance issued by Motor State are "invalid, being contrary to public policy in the statutory law of this state". Defendants have appealed.

If the exclusionary clause in the policy issued to Judith or Norman L. Bangs is valid, then it is clear that the 1964 Ford automobile, at the time it struck the defendant's deceased, was an uninsured motor vehicle. Thus, the question presented is the validity of the exclusionary clause.

Before the enactment of the Motor Vehicle Accident Claims Act, MCLA § 257.1101 *et seq.* (Stat Ann 1968 Rev § 9.2801 *et seq.*), the exclusionary clause would have been valid. *Burch* v. *Wargo* (1966), 378 Mich 200. We must now determine if the Motor Vehicle Accident Claims Act changes this result.

Section 4 of the Act, MCLA § 257.1104 (Stat Ann 1968 Rev § 9.2804), provides in part:

"The owner or operator of a motor vehicle who operates or permits its operation upon the highways of this state shall produce, in accordance with the provisions of subsection (3) of this section, upon the request of any peace officer, evidence that the vehicle is an insured motor vehicle, or that the uninsured motor vehicle fee has been paid."

Section 2 of the Act, MCLA § 257.1102 (Stat Ann 1968 Rev § 9.2802), provides in part:

"(d) 'Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of the motor vehicle responsibility law of this state, established pursuant to the provisions of chapter 5 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.501 to 257.532 of the Compiled Laws of 1948, and which is not owned by a holder of self-insurance under the law."

MCLA § 257.520(b)  (2)  [Stat Ann 1968 Rev § 9.2220(b) (2)] provides that a policy of insurance,

"Shall insure *the person named therein* and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $10,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $20,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $5,000.00 because of injury to or destruction of property of others in any 1 accident."  (Emphasis added.)

It is clear that the Legislature intended that no automobile should be registered in this state unless certain requirements have been met.  To obtain registration for an automobile one must either have a policy of liability insurance or pay the uninsured motor vehicle fee.  The requirements of the liability policy are those set forth in chapter 5 of PA 1949, No 300, as amended, being MCLA §§ 257.501–257.532 (Stat Ann 1968 Rev §§ 9.2201–9.2232), particularly MCLA § 257.520(b)  (2)  [Stat Ann 1968 Rev § 9.2220(b) (2)].

The public policy as delineated by the Legislature requires that the liability policy must be written in conformity with the statutory requirements.  The statute does not provide for the type of exclusionary clauses as were contained in the instant policy. Thus, the exclusionary clauses are contrary to the public policy of this state and are therefore invalid

and of no effect.   Therefore, the 1964 Ford automobile was not an uninsured motor vehicle at the time it was involved in the accident on December 17, 1966.
    Affirmed, costs to the plaintiffs.
    All concurred.