ROBINSON v MENDELL

AUTOMOBILES—LIABILITY INSURANCE—EXCLUSIONARY CLAUSES—MOTOR
VEHICLE ACCIDENT CLAIMS ACT.

Public policy as delineated by the Legislature requires that a
public liability insurance policy must be written in conformity
with statutory requirements, and where the statutes in 1969
did not provide for a clause which would exclude a son of the
insured from coverage, such an exclusionary clause in the
policy was contrary to the public policy of the state and
therefore invalid.

Appeal from Oakland, William J. Beer, J. Submitted Division 2 January 9, 1973, at Lansing. (Docket Nos. 13654, 13655, 13656.) Decided February 26, 1973. Leave to appeal denied, 390 Mich 758.

Complaint by Harold J. Robinson, administrator of the estate of William B. Compton, deceased, against Madice C. Mendell, Ronald A. Waling, Sr., and Mary Waling, and Detroit Automobile Inter-Insurance Exchange for a declaratory judgment that defendant Mendell's automobile was covered by public liability insurance. Judgment for defendant insurance company. Plaintiff and defendants Mendell and Waling appeal. Reversed and remanded.

*Ulanoff, Weiner & Ross, P. C.,* for plaintiffs.

*Franklin & Petrulis, P. C.,* for defendant Mendell.

*Koperski & Peters, P. C.,* for defendants Waling.

*Condit & McGarry, P. C.,* for defendant Detroit Automobile Inter-Insurance Exchange.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance § 1430.

Before: BRONSON, P. J., and MCGREGOR and DAN-
HOF, JJ.

PER CURIAM. Plaintiff brought this action seek-
ing a declaratory judgment that there was cover-
age under a policy of insurance issued on June 10,
1969 by defendant insurance company to Madice
Compton Mendell insuring with public liability
coverage a 1964 Plymouth owned by defendant
Madice Compton Mendell. The trial court entered
a judgment for the defendant insurance company.
We reverse.

The facts, which for the purpose of this opinion
are accepted as true, are as follows. On Saturday,
August 16, 1969, an accident occurred between an
automobile driven by defendant Ronald Anthony
Waling, Sr., with his wife Mary Waling as a pas-
senger and the 1964 Plymouth automobile owned
by Madice Compton Mendell, but driven by her
son, William Blaine Compton. At the time of the
accident the 1964 Plymouth was insured by de-
fendant insurance company by the policy stated
above. Said policy specifically excluded William
Blaine Compton from coverage. The Detroit Auto-
mobile Inter-Insurance Exchange had also issued
to Madice Compton Mendell a certificate of insur-
ance which stated, "This form certifies that a
policy has been issued to you covering the de-
scribed motor vehicle in compliance with the Mo-
tor Vehicle Claims Act". Plaintiff claims that the
instant case is controlled by our opinion in *All-
state Insurance Co v Motor State Insurance Co,* 33
Mich App 469 (1971). Defendant insurance com-
pany claims that because of certain factual differ-
ences, *i.e.,* that the driver was not a co-owner, that
the driver was not a co-insured, that the driver
was an adult although living in the household of
the insured, and that other insurance is involved,

that *Allstate, supra,* is not controlling. We disagree. In *Allstate, supra,* pp 473–474, we said:

"To obtain registration for an automobile one must either have a policy of liability insurance or pay the uninsured motor vehicle fee. * * *

"The public policy as delineated by the Legislature requires that the liability policy must be written in conformity with the statutory requirements. The statute does not provide for the type of exclusionary clauses as were contained in the instant policy. Thus, the exclusionary clauses are contrary to the public policy of this state and are therefore invalid and of no effect."

1971 PA 210, MCLA 500.3009(2); MSA 24.13009(2), was enacted subsequent to the issuance of the policy in question and subsequent to the accident involved, and thus, has no application in this case.

Reversed and remanded for further proceedings consistent with this opinion. Costs to the plaintiff.