CADILLAC MUTUAL INSURANCE COMPANY v BELL

Automobiles—Liability Insurance—Exclusionary Clauses—Public Policy.

A general exclusionary provision of an automobile insurance policy which provided that the policy was null and void and of no benefit and effect as to any loss or damage arising from an accident that occurred while the insured's vehicle was being operated by anyone under 25 years of age is void as contrary to public policy.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 October 10, 1973, at Detroit. (Docket No. 15222.) Decided October 30, 1973.

Complaint by Cadillac Mutual Insurance Company against Ollie Bell, Dwight Seay, Essie Seay, Aubrey Thomas, Margaret Sikes, and Andrea L. Seay, for declaratory relief and restraint of arbitration proceedings commenced by defendants on claims for damages under an uninsured motorist provision of an automobile insurance policy. Summary judgment for all defendants except Bell, and for plaintiff against Bell. Defendant Bell appeals. Plaintiff cross-appeals. Reversed as to defendant Bell and summary judgment ordered to be entered for Bell; affirmed as to the other defendants.

*Sugar, Schwartz, Silver, Schwartz & Tyler* (by *Charles C. Warner* and *Richard D. Toth),* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 39.

*Stephen M. Taylor,* for defendant.

Before: LESINSKI, C. J., and R. B. BURNS and QUINN, JJ.

PER CURIAM. Defendant Bell appeals from the order of the trial court denying his motion for summary judgment. Plaintiff cross-appeals from an order granting summary judgment to defendants Seay, Thomas and Sikes. These orders were entered in plaintiff's action for declaratory relief and restraint of arbitration proceedings commenced by defendants on claims for damages under an uninsured motorist provision of plaintiff's insurance policy issued to defendant Bell.

On June 18, 1970, Bell was a passenger in his motor vehicle, as were the other defendants. Aubrey Thomas was operating the vehicle with permission when it was involved in an accident with an uninsured motorist. All defendants claimed they sustained injuries in the accident and filed claims with plaintiff under the uninsured motorist provision of defendant Bell's policy.

Driver Thomas was under 25 years of age at the time of the accident. By special endorsement, the policy involved was null and void and of no benefit and effect as to any loss or damage arising from an accident that occurred while Bell's vehicle was being operated by anyone under 25 years of age. On the basis of this endorsement, plaintiff denied defendants' claims and they requested arbitration pursuant to a policy provision therefor.

In response to plaintiff's action for declaratory relief and restraint of arbitration, defendants moved for summary judgment on the basis that the exclusionary provision relied on by plaintiff that excluded coverage when a driver under 25 years of age drives the insured vehicle was con-

trary to public policy and therefore invalid. In granting the orders appealed from, the trial court held that the exclusionary provision was valid but that it only applied to claims by the named assured.

*Allstate Insurance Co v Motor State Insurance Co,* 33 Mich App 469; 190 NW2d 352 (1971); *Robinson v Mendell,* 45 Mich App 368; 206 NW2d 537 (1973); *Blakeslee v Farm Bureau Insurance,* 388 Mich 464; 201 NW2d 786 (1972), all sustain defendant Bell's contention that the exclusionary provision involved is void as contrary to public policy. The conclusion is not altered by MCLA 500.3009(2); MSA 24.13009(2) which provides:

"When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a *named person.*"

This statute took effect on December 29, 1971; this was subsequent to the effective date of the insurance policy and the accident involved, which occurred June 18, 1970. The force of the statute is clearly limited to a "named person" and does not apply to under 25 year old drivers as a class.

The foregoing conclusion obviates discussion of defendants' contention that plaintiff's action was premature.

As to defendant Bell, the trial court is reversed and summary judgment shall enter below as to Bell; otherwise the trial court is affirmed. Defendants may recover costs.