51 Mich. App. 99 (1974)
214 N.W.2d 704
CELINA MUTUAL INSURANCE COMPANY
v.
PREFERRED RISK MUTUAL INSURANCE COMPANY
Docket No. 14069.
Michigan Court of Appeals.
Decided January 14, 1974.
*100 Hillman, Baxter & Hammond (by Robert N. Hammond and Joel M. Boyden), for plaintiff.
Luyendyk, Hainer, Edens, Hathaway & DeJong, for defendants.
Before: R.B. BURNS, P.J., and DANHOF and O'HARA,[*] JJ.
DANHOF, J.
On August 19, 1968, defendant Hollis Wells agreed to purchase a 1965 Ford Mustang automobile from R.E. Barber, Inc. (hereinafter Barber). A retail buyer's order was signed; a down payment was made; and the automobile was delivered to Hollis Wells. The title transfer was, however, delayed pending receipt by Barber of an insurance certificate from Mr. Wells' insurance agency. Shortly thereafter, on August 22, 1968,[1] defendant David Wells, then a minor, was involved in a collision while driving this automobile. As a result of that accident, David and Hollis Wells were named as defendants along with Barber in two civil actions filed in the Ottawa County Circuit Court.
Plaintiff insures Barber under a garage liability insurance policy. The accident occurred while that policy was in effect, and while the automobile in question was titled in Barber's name and tagged *101 with dealer license plates. However, the policy, in section 4, Persons Insured, provides:
"Each of the following is an insured under this insurance to the extent set forth below:

* * *
"(3) with respect to the automobile hazard:
"(a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *
"None of the following is an insured:
"(iii) any person or organization, other than the named insured, with respect to any automobile

* * *
"(b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale."
At the time of the accident, defendants Wells were insured under a policy issued to Hollis Wells by defendant Preferred Risk Mutual Insurance Company.
Pursuant to GCR 1963, 521, plaintiff filed a complaint for declaratory judgment in the Circuit Court of Ottawa County to determine the rights of the parties under the insurance policies referred to above. Defendants appeal from an order of the trial court dated April 10, 1972, granting the declaratory relief sought by plaintiff. By that order it was declared that defendant David Wells was not an insured under plaintiff's policy; that defendant Preferred Risk Mutual was primarily liable for any injuries caused by David Wells; and that, if plaintiff were found liable for any such injuries, plaintiff would have a right of indemnification against defendants. We reverse.
*102 In Allstate Insurance Co v Motor State Insurance Co, 33 Mich App 469, 473; 190 NW2d 352, 354 (1971), it was stated:
"It is clear that the Legislature intended that no automobile should be registered in this state unless certain requirements have been met. To obtain registration for an automobile one must either have a policy of liability insurance or pay the uninsured motor vehicle fee.

* * *
"The public policy as delineated by the Legislature requires that the liability policy must be written in conformity with the statutory requirements."
If the exclusion in plaintiff's policy issued to Barber is valid, then it is clear that it permits an automobile, between the time of transfer of possession and the time when application is made for transfer of title, to be an uninsured motor vehicle. By its terms, the clause excludes as insured "any person * * * with respect to any automobile * * * possession of which has been transferred * * * pursuant to an agreement of sale" whether or not that person has any insurance at all. The result in this case should therefore not turn on the fortuity that the purchaser was insured when he could easily not so have been.
MCLA 257.1104; MSA 9.2804, as it read at times pertinent hereto, provided in part:
"(1) The owner or operator of a motor vehicle who operates or permits its operation upon the highways of this state shall produce, in accordance with the provisions of subsection (3) of this section, upon the request of any peace officer, evidence that the vehicle is an insured motor vehicle, or that the uninsured motor vehicle fee has been paid."
*103 MCLA 257.1102; MSA 9.2802, provided in part as follows:
"(d) `Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of the motor vehicle responsibility law of this state, established pursuant to the provisions of chapter 5 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.501 to 257.532 of the Compiled Laws of 1948, and which is not owned by a holder of self-insurance under the law."
There is nothing in the record to indicate that the uninsured motor vehicle fee had been paid. Therefore, it was incumbent that the policy issued by plaintiff to Barber conform with the statutory requirements. MCLA 257.520(b)(2); MSA 9.2220(b)(2), as it then read, provided that a policy of insurance,
"Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damagas arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $10,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $20,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $5,000.00 because of injury to or destruction of property of others in any 1 accident." (Emphasis supplied.)
The statute clearly required that coverage under the policy extend to any person, as insured, using the automobile with the express or implied permission of the named insured (Barber). Since the *104 statute did not provide for the type of exclusionary clause in issue, that clause is invalid and of no effect. It follows that, if David Wells was driving with Barber's express or implied permission at the time of the accident, then David Wells was insured under plaintiff's policy.
Since the record below does not speak with absolute certainty on the scope of permission, we leave this issue for future determination. We note that while plaintiff and defendant Preferred Risk Mutual have been seeking an adjudication of the parties' rights under the two policies, the other two civil actions have apparently been held in abeyance. We therefore urge an expeditious determination of any remaining issues.
Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to defendants.
All concurred.
NOTES
[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] 1971 PA 210, MCLA 500.3009(2); MSA 24.13009(2), was enacted subsequent to the issuance to Barber by plaintiff of the policy in question and subsequent to the accident. Since the statute was not intended to have retroactive effect, Robinson v Mendell, 45 Mich App 368; 206 NW2d 537 (1973), it has no application.