65 Mich. App. 349 (1975)
237 N.W.2d 322
CITIZENS MUTUAL INSURANCE CO.
v.
CENTRAL NATIONAL INSURANCE CO OF OMAHA
Docket No. 22138.
Michigan Court of Appeals.
Decided October 28, 1975.
*350 Milliken & Magee, for plaintiff.
Gault, Davison, Bowers & Hill, for Central National Insurance.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General and Joseph B. Bilitzke and Carl K. Carlsen, Assistants Attorney General, for the Secretary of State.
Before: QUINN, P.J., and D.E. HOLBROOK and D.F. WALSH, JJ.
PER CURIAM.
This is an appeal as of right from a Genesee County Circuit Court order denying the plaintiff Citizens Mutual Insurance Company (hereinafter "Citizens") a declaratory judgment. At issue is whether a motorcycle was an "uninsured motor vehicle" within the meaning of Section 2(d) of the Motor Vehicle Accident Claims Act, 1965 PA 198, as amended, MCLA 257.1102(d); MSA 9.2802(d). The case arose from a May 20, 1972, accident wherein Diane Volatta, passenger on a motorcycle owned and driven by Michael Porritt, suffered severe personal injuries when Porritt drove into the path of an oncoming vehicle.
On April 5, 1972, Central National Insurance Company (hereinafter "Central National") had issued a motor vehicle liability insurance policy for the motorcycle and furnished Porritt with a binder which he presented at the Secretary of State's office in order to register the cycle and to obtain *351 license plates. The policy contained the following provision:
"PART I LIABILITY
To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
A. Bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury' sustained by any person; caused by accident and arising out of the ownership, maintenance or use of the owned motorcycle. * * *"
Central National attempted to exclude passengers of the motorcycle from the benefits of coverage by including the following:
"EXCLUSIONS. This policy does not apply under Part I:
(m) Under coverage A and B to bodily injury to any person, or damage to the property of any person, while on or getting on or alighting from the insured motorcycle."
Diane Volatta was an "insured" under an automobile liability policy issued to her father by Citizens, which policy provided personal injury liability protection in the event of an accident with an uninsured motorist. Citizens therefore commenced this declaratory judgment action seeking a declaration that Central National's passenger exclusion was void as against public policy and that the motorcycle was not an uninsured vehicle within the meaning of the Motor Vehicle Accident Claims Act, supra, and the uninsured motorist provisions of Citizens' insurance policy.
Section 2(d) of the Motor Vehicle Accident Claims Act, supra, provides that the term:
*352 "`Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of [MCLA 500.3009; MSA 24.13009]."
MCLA 500.3009; MSA 24.13009 provides in pertinent part:
"(1) An automobile liability * * * policy insuring against loss resulting from liability imposed by law for * * * bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall not be * * * issued for delivery in this state * * * unless such liability coverage * * * is subject to a limit, * * * of not less than $20,000 because of bodily injury to or death of one person in any one accident * * *.
"(2) When authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. Such exclusion shall not be valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance * * *:
"Warning  when a named excluded person operates a vehicle all liability coverage is void  no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable." (Emphasis added.)
Prior to its amendment in 1971, 1971 PA 211, § 2(d), supra, defined the term "uninsured motor vehicle" with a reference to the provisions of the Financial Responsibility Act,[1] particularly § 520(b) of the act, MCLA 257.520(b)(2); MSA 9.2220(b)(2), which briefly outlined the statutory requirements which must be met by a liability insurance policy and also designated mandatory limits of personal injury and property damage liability coverage now contained in MCLA 500.3009(1); MSA *353 24.13009). Citizens, to a large extent, relies on Allstate Insurance Co v Motor State Insurance Co, 33 Mich App 469; 190 NW2d 352 (1971), and other decisions of this Court construing the former statute and in effect argues that the 1971 amendment of § 2(d) did not work a change in the public policy of this state as enunciated in those decisions. We agree with this position.
Allstate, supra, involved the validity of an exclusionary clause in an automobile liability policy issued to Judith or Norman L. Bangs which attempted to exclude Norman L. Bangs from liability protection as an operator of the motor vehicle. The court referred to the statutory scheme and concluded:
"It is clear that the Legislature intended that no automobile should be registered in this state unless certain requirements have been met. To obtain registration for an automobile one must either have a policy of liability insurance or pay the uninsured motor vehicle fee. The requirements of the liability policy are those set forth in * * * MCLA §§ 257.501-257.532 [now MCLA 257.3009] * * *.
"The public policy as delineated by the Legislature requires that the liability policy must be written in conformity with the statutory requirements. The statute does not provide for the type of exclusionary clauses as were contained in the instant policy. Thus, the exclusionary clauses are contrary to the public policy of this state and are therefore invalid and of no effect." Allstate, supra, at 473, 474.
In accord with this view are Robinson v Mendell, 45 Mich App 368; 206 NW2d 537 (1973), Cadillac Mutual Insurance Co v Bell, 50 Mich App 144; 212 NW2d 816 (1973), Celina Mutual Insurance Co v Preferred Risk Mutual Insurance Co, 51 Mich App 99; 214 NW2d 704 (1974), overruled sub nom Lilje *354 v Allstate Insurance Co, 393 Mich 259; 224 NW2d 279 (1974), State Automobile Mutual Insurance Co v Babcock, 54 Mich App 194; 220 NW2d 717 (1974).
The Legislature obviously remains interested in requiring automobile insurance policies to conform to the dictates of the statute. The theory underlying the Allstate decision was that exclusionary clauses with respect to policies covering a particular motor vehicle which were not contemplated by the Legislature are contrary to public policy and therefore void. A clear intent of § 3009 was to allow an insurance company to exclude from liability coverage only named persons operating a motor vehicle. There are no statutory references to other types of exclusions. It is a familiar rule of statutory construction that the express mention of one thing implies the exclusion of other similar things. Stowers v Wolodzko, 386 Mich 119, 133; 191 NW2d 355 (1971), Marshall v Wabash Railway Co, 201 Mich 167, 172; 167 NW 19 (1918). An exclusionary clause which exempts from liability coverage all passengers of a motor vehicle is at variance with the intent of the Legislature, contrary to public policy and is therefore void and unenforceable.
Accordingly, we reverse the judgment of the trial court and hereby grant the plaintiff's request for declaratory judgment. No costs, a public question being involved.
NOTES
[1] MCLA 257.501 to 257.532; MSA 9.2201 to 9.2232.