GURWIN v ALCODRAY

1. INSURANCE—AUTOMOBILES—STATUTORY REQUIREMENTS—FINANCIAL RESPONSIBILITY—PROOF—EXCLUSIONARY CLAUSES—STATUTES.

An automobile owner's liability insurance policy must comply with the statutory requirements for such policies if it is to be certified as proof of financial responsibility; an exclusionary clause which causes a policy to deviate from the statutory requirements is void (MCLA 257.520; MSA 9.2220).

2. INSURANCE—AUTOMOBILES—LIABILITY IMPOSED BY LAW—PARENTAL IMMUNITY—MEMBERS OF SAME HOUSEHOLD—STATUTES.

A motor vehicle liability insurance policy must insure the named insured "against loss from the liability imposed by law"; since parental immunity no longer exists in Michigan, a policy excluding coverage to "any member of the same household of the insured" is invalid (MCLA 257.520[b] [2]; MSA 9.2220[b] [2]).

3. INSURANCE—AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT —THIRD PARTIES—EXCLUSIONARY CLAUSES—MEMBERS OF SAME HOUSEHOLD—STATUTES.

The Motor Vehicle Accident Claims Act protects the rights and claims of third parties; therefore, a motor vehicle liability insurance policy's exclusionary clause that excludes coverage to "any member of the same household of the insured" is invalid since it deprives these third parties of protection (MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.).*

4. INSURANCE—AUTOMOBILES—EXCLUSIONARY CLAUSES—NAMED PERSONS—MEMBERS OF SAME HOUSEHOLD—STATUTES.

The section of the insurance code that allows the exclusion of automobile liability insurance coverage "when a vehicle is operated by a named person" does not support a policy exclusion to "any member of the same household of the insured" (MCLA 500.3009[2]; MSA 24.13009[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 7 Am Jur 2d, Automobile Insurance § 131.

Construction and application of provision of automobile liability policy excluding from coverage, injury or death of member of family or household of insured. 50 ALR2d 78.

Appeal from Oakland, John N. O'Brien, J. Submitted June 15, 1977, at Detroit. (Docket No. 30504.) Decided July 19, 1977.

Howard E. Gurwin, as next friend of several minors, brought an action against Michael Alcodray, the Secretary of State, and Farmers Insurance Group seeking a declaratory judgment to determine liability under an automobile insurance policy for injuries sustained by the minors in an automobile accident, and to determine the liability of the Secretary of State, as director of the Motor Vehicle Accident Claims Fund. The court declared an exclusionary clause in the policy void. Farmers Insurance Group appeals. Affirmed.

*Gursten, Wigod & Koltonow, P. C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Secretary of State.

*Harvey, Kruse & Westen, P. C.* (by *Richard A. Harvey* and *Paul B. Hynes),* for defendant Farmers Insurance Group.

*Alvin & Schwartz,* for defendant Michael Alcodray.

Before: R. M. MAHER, P. J., and N. J. KAUFMAN and F. J. BORCHARD,* JJ.

PER CURIAM. Plaintiff, as next friend of several minors, brought this action for a declaratory judgment. The court was asked to determine the liabil-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ity of defendant Farmers Insurance Group under an insurance policy issued to defendant Alcodray, the minors' father, and also the liability of defendant Secretary of State as director of the Motor Vehicle Accident Claims Fund, MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.*[1] The court below voided an exclusionary clause in the policy issued by defendant Farmers Insurance Group. Defendant insurer appeals.

Defendant insurer issued to Michael Alcodray an insurance policy providing protection against liability arising out of his ownership, maintenance or use of his automobile. The policy, however, excluded coverage "to liability of any insured for bodily injury to (a) any member of the same household of the insured except the servant * * *". If valid, this exclusion would not protect Michael Alcodray for his possible liability for the injuries his children received while his passengers.

An owner's policy of liability insurance, if certified as proof of financial responsibility, must comply with statutory requirements. MCLA 257.520; MSA 9.2220. Exclusions that cause a certified policy to deviate from statutory requirements are barred. *Lilje v Allstate Insurance Co,* 393 Mich 259; 224 NW2d 279 (1974), *Citizens Mutual Insurance Co v Central National Insurance Co of Omaha,* 65 Mich App 349; 237 NW2d 322 (1975). Since MCLA 257.520(b)(2); MSA 9.2220(b)(2) requires that a liability policy insure the named insured "against loss from the liability imposed by law", and parental immunity no longer exists in Michigan, *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), the exclusion under consideration can have no effect.

---

[1] Pending was an earlier action plaintiff had brought, as next friend of the minors, against the minors' father for injuries the minors received on April 6, 1972, while passengers in his automobile.

Another panel of this Court has recently reached the opposite conclusion in *State Farm Fire and Casualty Co v Peckham,* 74 Mich App 551, 553–554; 254 NW2d 575 (1977):

"On the basis of the reasoning in *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971), and MCLA 500.3009(2); MSA 24.13009(2), we reject the argument that the household exclusion is contrary to the spirit and intent of the financial responsibility act [MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.]."*

This analysis is unacceptable. *Weisberg,* over a strong dissent by then Judge LEVIN, upheld an exclusion that precluded liability coverage "to bodily injury to any named insured". The majority reasoned that the exclusion was not contrary to the public policy expressed by the Motor Vehicle Accident Claims Act, MCLA 257.1101 *et seq.;* MSA 9.2801 *et seq.,* because that act is "concerned with the protection of the rights and claims of third parties when the vehicle owner becomes liable to those third parties". 36 Mich App at 518. The reasoning in *Weisberg* supports the holding that the household exclusion, which deprives third parties of protection, is invalid.

Equally unsupportive of the exclusion is MCLA 500.3009(2); MSA 24.13009(2). That subsection allows the exclusion of liability coverage "when a vehicle is operated by a named person". The household exclusion seeks to avoid liability when certain persons are injured, not when a named person is operating the insured vehicle.

The court below was correct in invalidating the exclusion.

Affirmed.