ALLSTATE INSURANCE COMPANY v DeFRAIN

1. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—EXCLUSIONARY
CLAUSES—BODILY INJURY—NO-FAULT ACT—STATUTES.

A clause in a motor vehicle liability insurance policy which provides that coverage under the policy does not apply to "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person remains in the same household as such insured" is not valid and is unenforceable because it deprives third parties of protection which is required by the no-fault automobile insurance act (MCLA 500.3101, 500.3135; MSA 24.13101, 24.13135).

2. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—EXCLUSIONARY
CLAUSES—CERTIFIED POLICY—STATUTORY REQUIREMENTS.

Exclusionary clauses in an automobile liability insurance policy which cause a certified policy to deviate from statutory requirements are barred.

3. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—EXCLUSIONARY
CLAUSES—NAMED PERSON—STATUTES.

Exclusion of liability coverage in an automobile liability insurance policy is allowed where a vehicle is operated by a named person and such exclusion is authorized by the insured; such an exclusion is not allowed where the exclusionary clause is designed to avoid liability when certain persons not involved in the operation of the motor vehicle are injured (MCLA 257.520[b][2], 500.3009[2]; MSA 9.2220[b][2], 24.13009[2]).

4. STATUTES—CONSTRUCTION OF STATUTES—IN PARI MATERIA.

Statutes dealing with the same matter are *in pari materia* and must be construed together to reach a harmonious result; it is important that the evident intent and meaning of the statutes as well as the force of them should be preserved.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] Am Jur 2d, New Topic, No-Fault Insurance §§ 18, 20, 23.
  7 Am Jur 2d, Automobile Insurance §§ 210, 211, 216, 218.
[3] 7 Am Jur 2d, Automobile Insurance § 210 *et seq.*
[4] 73 Am Jur 2d, Statutes §§ 187–190.

Appeal from Ingham, Jack W. Warren, J. Submitted January 10, 1978, at Lansing. (Docket No. 77-2080.) Decided February 23, 1978. Leave to appeal applied for.

Complaint by Allstate Insurance Company against Roy J. DeFrain seeking a declaratory judgment of no liability under a policy of insurance to defend a personal injury action commenced by defendant's ex-wife. Judgment for defendant. Plaintiff appeals. Affirmed.

*Newman & Mackay,* for plaintiff.

*Glassen, Rhead, McLean & Campbell,* for defendant.

Before: BRONSON, P. J., and R. B. BURNS and R. E. A. BOYLE,* JJ.

R. E. A. BOYLE, J. Plaintiff appeals from a declaratory judgment entered May 24, 1977, wherein the trial court decided that a household exclusionary clause in the motor vehicle liability insurance policy of defendant with plaintiff was invalid and that plaintiff was under a duty to defend an action brought against defendant by his then wife, Bernadette Marie DeFrain.

The pertinent facts, which are undisputed, are these: On May 19, 1976, the said Bernadette De-Frain, then the wife of defendant, who resided in the same household as her husband, commenced an action against him for claimed injuries involving the serious disfigurement of her left leg and permanent impairment of the function of that leg. She alleged that these injuries were caused by the defendant's operation of his 1968 Mercury automobile on January 16, 1974. The car had become

---

* Circuit judge, sitting on the Court of Appeals by assignment.

stuck in the snow in the driveway of the parties' home in Mason, Michigan.

She further alleged that defendant had placed a wooden plank about twelve feet long, twelve inches wide and two inches thick under the right rear wheel of the car in an attempt to drive the car forward. In the process, the right rear wheel of the car spun, throwing the board into his wife's left leg, fracturing the left tibia and the left fibula.

At the time of this happening, defendant husband had a policy of motor vehicle liability insurance with plaintiff which was effective and in existence. This policy provided that coverage under the policy does not apply to "bodily injury to any person who is related by blood, marriage, or adoption to an insured against whom claim is made if such person remains in the same household as such insured".

Plaintiff declined to defend the case commenced by Bernadette DeFrain against her now ex-husband, contending that the foregoing exclusionary clause was valid, and filed its complaint for declaratory judgment in circuit court requesting that the trial court adjudge plaintiff not be required to defend the action because of such exclusionary clause.

Defendant, in his answer to the complaint, contended the exclusion relied upon by plaintiff was legally unenforceable and that the exclusion was contrary to the law of the State of Michigan and its policy as enunciated by statute. He counterclaimed for declaratory relief asking that plaintiff be required to defend the case brought by Bernadette DeFrain against defendant herein in the Ingham County Circuit Court.

The sole issue is whether the exclusionary clause in question is valid and enforceable so as to

relieve plaintiff from the responsibility of defending the case brought against defendant by his former wife for the alleged injuries.

We affirm the trial court and hold that such clause is not valid and enforceable. We agree with the analysis of another panel of this court in *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977).

While compulsory no-fault insurance partially abolished tort remedies, it retained residual liability as set forth in § 3135 of the act (MCLA 500.3135; MSA 24.13135), in accordance with which provisions Bernadette DeFrain, who was not the operator of the insured vehicle, brings suit against defendant. Section 3101 of the act (MCLA 500.3101; MSA 24.13101), requires that the policy coverage insure against serious injury to third parties.

Plaintiff concedes the abolition of interspousal immunity by the Supreme Court's decision in *Hosko v Hosko,* 385 Mich 39; 187 NW2d 236 (1971). It concedes, also, that Bernadette DeFrain has the right to sue defendant here, Roy DeFrain, but that the exclusionary clause in question frees plaintiff from the duty to defend and from any liability on the policy with respect to this particular accident.

Exclusions that cause a certified policy to deviate from statutory requirements are barred. *Lilje v Allstate Insurance Co,* 393 Mich 259; 224 NW2d 279 (1974), *Citizens Mutual Insurance Co v Central National Insurance Co of Omaha,* 65 Mich App 349; 237 NW2d 322 (1975).

MCLA 500.3009(2); MSA 24.13009(2) allows the exclusion of liability coverage when a vehicle is operated by a named person, not where, as here, the exclusionary clause is designed to avoid liabil-

ity when certain persons not involved in the operation of the motor vehicle (such as the wife in the instant case) are injured.

Plaintiff argues that the Legislature intended to exclude members of an insured's household from residual liability coverage by its enactment of § 3114 of the no-fault act (MCLA 500.3114; MSA 24.13114), providing for personal protection insurance for members of the insured's household. We disagree. The statutory amendment as to coverage, MCLA 257.520(b)(2); MSA 9.2220(b)(2), allows an exclusion only where a named person operates the automobile and such exclusion is authorized by the insured. The statute does not provide for any exclusion such as the one in this case.

In determining the legislative intent, we must examine the pertinent statutes. MCLA 500.3009(1); MSA 24.13009(1) provides for setting the minimum limits for coverage under a liability policy which insures against loss resulting "from liability *imposed by law* for * * * bodily injury or death suffered *by any person* arising out of the ownership, maintenance or use of a motor vehicle". (Emphasis supplied.)

MCLA 257.520; MSA 9.2220 requires the policy to insure the named insured against loss "from liability *imposed by law* for damages arising out of the ownership, maintenance or use of such motor vehicle". (Emphasis supplied.)

MCLA 500.3131; MSA 24.13131 of no-fault provides that "[r]esidual liability insurance shall cover bodily injury and property damage * * * [and that the] insurance shall afford coverage equivalent to that required as evidence of automobile liability insurance under the financial responsibility laws of the place in which the injury or damage occurs * * *. In this state this insurance

shall afford coverage for automobile liability retained by section 3135" of the act. These statutes being in *pari materia* must be construed together and a reasonable construction at preserving the force and effect of each is to be sought. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943), *Moyer v Wayne County Road Commission,* 52 Mich App 285; 217 NW2d 53 (1974), *People v Martin,* 59 Mich App 471; 229 NW2d 809 (1975).

We conclude that the exclusionary clause here in question is invalid. It is neither authorized by statute, nor in harmony with the legislative purpose to provide insurance coverage for bodily injuries as set forth in the above-cited statutes.

The trial court was correct in deciding the exclusion unenforceable, and that plaintiff is under a duty to defend.

Affirmed. Costs to defendant.