STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v
TRAYCIK (AFTER REMAND)

Docket No. 77-4900. Submitted June 13, 1978, at Lansing.—Decided
October 3, 1978. Leave to appeal applied for.

Martha Watkins was injured in an automobile accident while a
passenger in an automobile owned by Bessie Evans, now de-
ceased, and driven by Erwin Shanks. The automobile was
insured under a policy issued by State Farm Mutual Automo-
bile Insurance Company to Bessie Evans. Martha Watkins
commenced an action for damages against Mr. Shanks and the
estate of Bessie Evans.

After Martha Watkins commenced her action, State Farm
brought an action against L. E. Traycik, administrator of the
estate of Bessie Evans, deceased, Erwin Shanks and Martha
Watkins for a declaratory judgment to determine its obligation
under the insurance contract. State Farm alleged that Martha
Watkins and Bessie Evans were sisters who lived in the same
household, and argued that its liability coverage did not apply
to Martha Watkins because of a "household" exclusionary
clause in the policy. Mrs. Watkins conceded that she was a
sister to Bessie Evans and that they resided in the same
household.

The trial court ruled that the plaintiff's exclusion was void
and that the liability coverage of the policy was applicable to
Martha Watkins' claim. The plaintiff appealed. The Court of
Appeals, in an unpublished per curiam opinion, No. 30617,
issued September 14, 1977, remanded the matter to the circuit
court to allow the parties to amend their pleadings and to
allow the trial court to determine whether Martha Watkins
was related to Bessie Evans in light of an assertion by counsel
for Martha Watkins, during oral argument, that the two
women were not related.

On remand, it was determined that Martha Watkins and
Bessie Evans were not related and that, therefore, the "house-
hold" exclusionary clause was inapplicable to Martha Watkins.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 109 *et seq.*

Summary judgment for defendant Martha Watkins, Genesee Circuit Court, Philip C. Elliott, J. Plaintiff appeals. *Held:*

1. The trial court's holding that the two women were not members of the same household for purposes of the "household" exclusionary clause was improper since they had lived together for 21 years and had generally held themselves out to be "family" and, because of the close relationship which existed between them, the policy behind the "household" exclusionary clause seems clearly to apply.

2. No sound reasoning exists to justify continued recognition of "household" exclusions from liability coverage where such recognition would clearly violate the statutorily expressed policy of comprehensive liability coverage. The exclusionary clause involved in the case at bar is void.

Affirmed.

1. INSURANCE—LIABILITY INSURANCE—AUTOMOBILES—EXCLUSIONS—
   LEGISLATIVE INTENT—STATUTES.

   An exclusionary clause in an automobile liability insurance policy, which was not contemplated by the Legislature when it amended the insurance code by adding a provision which authorizes an automobile liability insurer to provide that its policy coverage will not be effective if the vehicle is operated by a specific named person, is contrary to public policy and is therefore void and unenforceable (MCL 500.3009; MSA 24.13009).

2. INSURANCE—LIABILITY INSURANCE—AUTOMOBILES—EXCLUSIONS—
   LEGISLATIVE INTENT—STATUTES.

   An exclusionary clause, in an automobile liability insurance policy, which excludes liability coverage to "any member of the family of an insured residing in the same household as the insured" was not contemplated by the Legislature when it amended the insurance code by adding a provision which authorizes an automobile liability insurer to provide that its policy coverage will not be effective if the vehicle is operated by a specific named person and is therefore void and unenforceable (MCL 500.3009; MSA 24.13009).

*Brownell, Andrews, Philpott & Piper,* for plaintiff.

*Norman N. Gottlieb, P.C.,* for defendants.

Before: D. E. HOLBROOK, P.J., and M. J. KELLY and P. J. MARUTIAK,* JJ.

AFTER REMAND

D. E. HOLBROOK, P.J. Defendant Martha Watkins was injured in an automobile accident on July 14, 1972, while a passenger in an automobile owned by Bessie Evans, deceased, and driven by defendant Erwin Shanks. That automobile was insured under a policy issued to Bessie Evans by plaintiff. After Martha Watkins filed suit against Mr. Shanks and the estate of Bessie Evans, plaintiff sought a declaratory judgment to determine its obligation under the insurance contract. Plaintiff argued that its liability coverage did not apply to Martha Watkins because the policy excluded coverage to "any member of the family of an insured residing in the same household as the insured". In the trial court, Martha Watkins conceded that she was a sister of Bessie Evans and resided in her household. The case was submitted to the trial court on briefs and the court found plaintiff's exclusion void and the liability coverage of the policy applicable to Martha Watkins's claim.

The case was appealed to this Court, and in an unpublished per curiam opinion, No. 30617, issued September 14, 1977, this Court said:

"During oral arguments before this Court, counsel for defendant Martha Watkins asserted that he had only recently learned that Martha Watkins was *not* related to Bessie Evans. If this assertion is correct then the household exclusion cited by State Farm would have no application. Therefore, if proven, the nonrelative status of Martha Watkins may settle the issue conclusively in

* Circuit judge, sitting on the Court of Appeals by assignment.

her favor. State Farm, however, may wish to contest the issue or assert other policy provisions in light of this new allegation by defendant Watkins. Under these circumstances we believe it would be improvident to reach the legal issue presented in this appeal." (Emphasis in original.) (Footnote omitted.)

The case was therefore remanded to the trial court to allow the parties to amend their pleadings and the court to determine whether Martha Watkins was related to Bessie Evans.

On remand, Martha Watkins testified by deposition that she and Bessie Evans were not related. Martha Watkins testified that they had neither a common mother nor father. The two women were born of separate parents, but when they were teenagers, after the death of Bessie Evans's father and Martha Watkins's mother, Martha Watkins's father married Bessie Evans's mother. The trial court found that "the exclusionary clause relied upon by the Plaintiff in denying liability to the Defendant Martha Watkins as *[sic]* inapplicable to her for the reason that she is not a 'relative' of the named insured within the meaning of the policy provisions," and granted summary judgment in favor of defendant Martha Watkins. Plaintiff appeals.

The purpose of "household" exclusions such as the clause under consideration was to protect insurers from liability in cases where, due to close family ties between plaintiff and the insured, the insurer may be victimized by a collusive lawsuit. Anno: *Validity, Construction, and Application of Provision of Automobile Liability Policy Excluding from Coverage Injury or Death of Member of Family or Household of Insured,* 46 ALR3d 1024, 1030–1032, § 4. This note indicates that a majority of courts in other jurisdictions which have been

required to interpret such clauses under similar circumstances have emphasized the domestic arrangement rather than consanguinity or lack thereof in determining the legal effect of such clauses. Anno, *supra,* § 11, pp 1050–1054.

In spite of the strong Michigan policy of construing all insurance contracts which require judicial interpretation against the preparer and in favor of the insured, 14 Callaghan's Michigan Civil Jurisprudence, Insurance, § 146, p 162, and cases cited therein, it would require an unusually strained construction of the term "household" in order to remove defendants Evans and Watkins from the intended meaning of the clause in question. They had resided together for 21 years, and had generally held themselves out to be "family". In addition, due to the close relationship which existed between them, the policy behind the clause in question seems clearly to apply. Therefore, the conclusion that the trial court erred in holding these defendants not to be members of the same "household" is compelling.

Nevertheless, resolution of this matter requires consideration of defendants-appellees' claim that the clause in question should be considered void as a matter of law, as it contravenes public policy. In support of this conclusion, appellees cite two recent Michigan cases holding the "household" exclusion to be invalid under comparable circumstances, *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977), and *Allstate Insurance Co v DeFrain,* 81 Mich App 503; 265 NW2d 392 (1978). *Gurwin* involved a declaratory judgment action brought by the plaintiff insured, as next friend of his minor children, to determine the liability of the insurer under a policy which excluded coverage of the plaintiff to "liability of any insured for

bodily injury to (a) any member of the same household of the insured except the servant". The appellate Court upheld the trial court's ruling that the clause was void, noting that under the financial responsibility act, MCL 257.520(b)(2); MSA 9.2220(b)(2), a liability policy must insure the named insured "against loss from the liability imposed by law". The Court noted that under *Lilje v Allstate Insurance Co,* 393 Mich 259; 224 NW2d 279 (1974), and *Citizens Mutual Insurance Co v Central National Insurance Co of Omaha,* 65 Mich App 349; 237 NW2d 322 (1975), an exclusion which deviates from the statutorily imposed standards is not valid. The Court held that as parental immunity is no longer recognized in Michigan, any attempt to exclude from the policy coverage the liability of an insured for actions brought by the insured's children was not in compliance with the statutory requirements governing insurance coverage. Although the Court never discussed the policy of discouraging "over-friendly lawsuits" the decision which it reached clearly implied repudiation of this policy as grounds for coverage exclusions.

*DeFrain* reached the same conclusion in invalidating a "household" exclusion clause relied upon by the insurer in refusing to defend its insured against suit by his then-wife. The Court held that abolition of interspousal immunity necessarily rendered the claimed exclusion invalid as in contravention of public policy as stated in the financial responsibility act, *supra.*

In addition to the cases cited by appellees, a separate line of cases also suggests that exclusionary clauses such as the one in question contravenes public policy. *Allstate Insurance Co v Motor State Insurance Co,* 33 Mich App 469; 190 NW2d 352 (1971), *lv den,* 386 Mich 760 (1971), *Robinson v*

*Mendell,* 45 Mich App 368; 206 NW2d 537 (1973), *Cadillac Mutual Insurance Co v Bell,* 50 Mich App 144; 212 NW2d 816 (1973). Each of these cases relied upon MCL 257.520(b)(2); MSA 9.2220(b)(2) (set out in part above), as a declaration of legislative intent. In pertinent part, with emphasis added, the statute asserts that a policy of insurance:

> "*Shall insure the person named* therein *and any other person,* as insured, *using any such motor vehicle* or motor vehicles with the express or implied permission of such named insured, *against loss from the liability imposed by law* for damages arising out of the ownership, maintenance or use of such motor vehicle." (Emphasis supplied.)

Although appellant relies upon *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971), as authority for upholding the "household" exclusion despite policy arguments to the contrary, it is clear that whether or not *Weisberg* is good law, it is not apposite to actions involving the protection of third parties.

*Weisberg* involved an exclusionary clause which provided that public liability coverage did not apply to a named insured. It was upheld, and distinguished from *Allstate v Motor State* on the questionable grounds that the public policy, as embodied in the financial responsibility act, *supra,* and the accident claims act, MCL 500.3010; MSA 24.13010, was not offended by "exclusion [which] is inherent in the concept of liability insurance. It [liability insurance] contemplates protection of the insured against liability running from the insured to another", 36 Mich App at 517. Thus, *Weisberg* is not contrary to the *Allstate v Motor State* line of reasoning which protects third persons. The

Legislature impliedly adopted the *Allstate v Motor State* result in 1971 when it amended the insurance code by adding MCL 500.3009; MSA 24.13009.

This section expressly authorizes the liability insurer to provide that its policy coverage will not be effective if the vehicle is operated by a specific named person. In *Citizens Mutual Insurance Co v Central National Insurance Co of Omaha,* 65 Mich App 349, 353–354; 237 NW2d 322 (1975), this Court, in passing upon the validity of a clause which excluded coverage of passengers, had occasion to assess the impact of the new statute on public policy as promulgated in *Allstate:*

"In accord with this view [the public policy view stated in *Allstate]* are *Robinson v Mendell,* 45 Mich App 368; 206 NW2d 537 (1973), *Cadillac Mutual Insurance Co v Bell,* 50 Mich App 144; 212 NW2d 816 (1973), *Celina Mutual Insurance Co v Preferred Risk Mutual Insurance Co,* 51 Mich App 99; 214 NW2d 704 (1974), *overruled sub nom Lilje v Allstate Insurance Co,* 393 Mich 259; 224 NW2d 279 (1974), *State Automobile Mutual Insurance Co v Babcock,* 54 Mich App 194; 220 NW2d 717 (1974).

"The Legislature obviously remains interested in requiring automobile insurance policies to conform to the dictates of the statute. The theory underlying the *Allstate* decision was that exclusionary clauses with respect to policies covering a particular motor vehicle which were not contemplated by the Legislature are contrary to public policy and therefore void. A clear intent of § 3009 was to allow an insurance company to exclude from liability coverage only *named persons* operating a motor vehicle. There are no statutory references to other types of exclusions. It is a familiar rule of statutory construction that the express mention of one thing implies the exclusion of other similar things. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), *Marshall v Wabash Railway Co,* 201 Mich 167, 172; 167 NW 19 (1918). An exclusionary clause which exempts from liability coverage all passengers of a

motor vehicle is at variance with the intent of the Legislature, contrary to public policy and is therefore void and unenforceable." (Emphasis in original.)

We find the reasoning of this *Allstate* line of cases still to be persuasive, and furthermore, agree with the assessment of legislative intent made by the Court in *Citizens Mutual.* Unlike the *Gurwin* and *DeFrain* cases, *supra,* there has never been any recognized "member-of-household immunity" which would be effectuated by the exclusionary clause under consideration. Therefore, no sound reasoning exists to justify continued recognition of "household" exclusions from liability coverage when such recognition would clearly violate the statutorily expressed policy of comprehensive liability coverage.

Affirmed. Costs to defendants.