STATE FARM FIRE AND CASUALTY COMPANY v PECKHAM

1. INSURANCE—FINANCIAL RESPONSIBILITY ACT—SPOUSAL EXCLUSION.
   A spousal exclusion in a policy of liability insurance is not contrary to the spirit and intent of the financial responsibility act (MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.).*

2. INSURANCE—MARRIED WOMAN'S ACT—SPOUSAL EXCLUSION.
   A spousal exclusion in a policy of liability insurance is not contrary to the spirit and intent of the married woman's act because the exclusion does not prevent a surviving wife from suing her husband's estate, it only prevents recovery from his insurance (MCLA 557.1 *et seq.;* MSA 26.161 *et seq.).*

3. INSURANCE—CONSTITUTIONAL LAW—EQUAL PROTECTION—SPOUSAL EXCLUSION—STATE ACTION.
   A spousal exclusion in a policy of liability insurance does not violate the equal protection provisions of the Fourteenth Amendment and Michigan Constitution because there is no state action involved beyond regulating insurance companies which write insurance policies that are in force in Michigan (US Const, Am XIV; Const 1963, art 1, § 17).

4. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—LIABILITY COVERAGE.
   A passenger-spouse is not entitled to recover damages for bodily injury under the uninsured motorist coverage provisions of her driver-husband's policy.

Appeal from Missaukee, William R. Peterson, J. Submitted February 2, 1977, at Grand Rapids. (Docket No. 27303.) Decided March 30, 1977.

Complaint by State Farm Fire and Casualty Company against Lola Peckham, administratrix of the estate of Aloysius C. Brackett, deceased in-

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 41 Am Jur 2d, Husband and Wife § 515 *et seq.*

sured, and Mary Brackett, seeking to be relieved from defending and from paying damages resulting from an automobile accident. Summary judgment for plaintiff. Defendants appeal. Affirmed.

*Williams, Coulter, Cunningham, Davison & Read,* for plaintiff.

*Dean A. Robb, P. C.,* for defendants.

Before: D. F. WALSH, P. J., and QUINN and BASHARA, JJ.

QUINN, J. Defendants appeal from a summary judgment granted to plaintiff in a declaratory judgment action. By this action plaintiff asked to be relieved from defending and from paying damages in an action brought by defendant Brackett against defendant Peckham as administratrix of the estate of A. C. Brackett, deceased. A. C. Brackett was defendant Brackett's husband. He was the driver of the automobile in which she was a passenger at the time of a collision that caused his death and her injuries.

A. C. Brackett was insured by plaintiff. Defendant Brackett, as plaintiff, sued defendant Peckham as administratrix of A. C. Brackett's estate to recover for the injuries sustained in the collision. Plaintiff's policy with A. C. Brackett contained the following:

"SECTION I—LIABILITY AND MEDICAL PAYMENTS
    "COVERAGE A—BODILY INJURY LIABILITY
    "COVERAGE B—PROPERTY DAMAGE LIABILITY
    "To pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as *damages* because of
    "(A) *Bodily injury* sustained by other persons, and

·"(B) *Property damage,* caused by accident arising out of the ownership, maintenance or use, including loading or unloading, of the *owned motor vehicle;* and to defend, with attorneys selected by and compensated by the company, in a suit against the *insured* alleging such *bodily injury* or *property damage* in seeking *damages* which are payable hereunder even if any of the allegations of the suit are groundless, false or fraudulent; but the company can make such investigation, negotiation and settlement of any claim or suit as it deems expedient."

\* \* \*

"EXCLUSIONS—SECTION 1 THIS INSURANCE DOES NOT APPLY UNDER:

"(h) COVERAGE A. TO *BODILY INJURY* TO ANY INSURED OR ANY MEMBER OF THE FAMILY OF AN *INSURED RESIDING* IN THE SAME HOUSEHOLD AS THE INSURED;"

"DEFINITIONS—SECTION 1

*"INSURED*—the unqualified word 'Insured' includes,

"(1) the named insured, and

"(2) if the named insured is an individual, his spouse, if a resident of the same household, and \* \* \* ."

Plaintiff's claim of nonliability is based on the foregoing exclusion. The trial judge sustained plaintiff's position by granting the summary judgment. On appeal, defendants claim reversal is required and make three arguments in support of their position.

First defendants say:

"The household exclusion contained in plaintiff-appellee's policy of liability insurance is contrary to the spirit and intent of the Financial Responsibility Act and the Married Woman's Act and is therefore void."

On the basis of the reasoning in *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194 NW2d 193 (1971), and MCLA

500.3009(2); MSA 24.13009(2), we reject the argument that the household exclusion is contrary to the spirit and intent of the financial responsibility act [MCLA 257.501 *et seq.;* MSA 9.2201 *et seq.]*.

As to the claim that the household exclusion is contrary to the spirit and intent of the married woman's act [MCLA 557.1 *et seq.;* MSA 26.161 *et seq.]*, the claim is untenable. The exclusion does not prevent defendant Brackett from suing her husband's estate; it prevents recovery from his insurance.

Next defendants say:

"Plaintiff-appellee insurance policy (spousal exclusion) violates the equal protection provision of the Fourteenth Amendment and Michigan constitution."

The spousal exclusion does not violate the equal protection clause. There is no state action involved beyond regulating insurance companies which write insurance policies that are in force in the State of Michigan.

Finally defendants say:

"The named insured is an uninsured motorist as to his passenger-spouse and she is entitled to recover under Coverage U of plaintiff-appellee policy."

*Weisberg, supra,* refutes this position.

Affirmed with costs to plaintiff.