## COMMUNITY SERVICE INSURANCE COMPANY v SHEARS

Docket No. 78-256. Submitted February 7, 1979, at Lansing.—Decided April 2, 1979.

Defendant Rita Shears was the wife of defendant Richard A. Shears and mother of Robin Shears, who was killed when her father, Richard, backed his truck over her. Rita and Richard were subsequently divorced. Rita Shears then brought an action for herself and as special administratrix of the estate of Robin Shears against Richard for damages arising out of the accident. Plaintiff, Community Service Insurance Company, filed suit against Richard and Rita Shears for a judgment declaring that plaintiff has no liability or duty to defendants as a result of the accident. Plaintiff relied on a household exclusionary clause in the policy which excluded coverage for bodily injury to the named insured or members of his immediate family. The Genesee Circuit Court, Donald R. Freeman, J., granted a declaratory judgment for plaintiff. Defendant Rita Shears appeals. *Held:*

A provision in an automobile liability policy which attempts to exclude coverage for bodily injury to the insured or his family is void as against public policy.

Reversed.

INSURANCE — AUTOMOBILE INSURANCE — HOUSEHOLD EXCLUSIONARY CLAUSES.

A provision in an automobile liability policy which attempts to exclude coverage for bodily injury to the insured or his family is void as against public policy.

*Gault, Davison, Bowers & Hill,* for plaintiff.

*Larry G. Sharp,* for defendant Rita Shears.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 41, 195.

Construction and application of provision in liability policy limiting the amount of insurer's liability to one person. 13 ALR3d 1228.

Before: BASHARA, P.J., and V. J. BRENNAN and R. M. MAHER, JJ.

BASHARA, P.J. Defendant Rita Shears appeals from a declaratory judgment holding that a household exclusionary clause in the automobile insurance policy of defendant Richard Shears released the plaintiff insurer from any duty to defend an action brought against Richard Shears by appellant or to satisfy any judgment arising therefrom.

On September 3, 1973, Mr. Shears struck and killed his three-year-old daughter while backing his truck out of the driveway. Following a divorce, Rita Shears brought an action against her ex-husband in her own name and as special administratrix of the estate of her daughter for damages arising from the accident.

The household exclusionary clause in question states in pertinent part:

"Coverage A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay * * * because of * * * death * * * arising out of the ownership, maintenance or use of the automobile.

\* \* \*

"This policy does not apply:
:(t) under Coverage A, to bodily injury to (1) the spouse or any parent, son or daughter of the insured, or (2) the named insured."

The validity of similar household exclusionary clauses has been considered by numerous panels of this Court. In *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513; 194

NW2d 193 (1971), a split panel[1] upheld an exclusionary clause barring a named insured from recovery. The named insured had been a passenger in his own car which was being permissibly operated by another person when an accident occurred. This same result was reached in *State Farm Fire & Casualty Co v Peckham,* 74 Mich App 551; 254 NW2d 575 (1977), wherein the Court based its decision on the *Weisberg* precedent.

However, other panels of this Court have declined to follow the *Weisberg* rationale and found such clauses to be void as against public policy. *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977), *Allstate Ins Co v DeFrain,* 81 Mich App 503; 265 NW2d 392 (1978), *State Farm Mutual Automobile Ins Co v Traycik (After Remand),* 86 Mich App 285; 272 NW2d 629 (1978).

The Michigan Supreme Court addressed the issue of household exclusionary clauses in the recently released case of *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978). The Court held that an exclusion of a named insured in an automobile insurance policy contravened public policy. The Court specifically rejected the *Weisberg* majority opinion and adopted Judge (now Justice) LEVIN's dissent.

Plaintiff argues that the *Sivey* case is applicable only to accidents occurring prior to the amendment of the Motor Vehicle Accident Claims Act and those occurring since the no-fault legislation. We cannot accept this argument. The reference to the financial responsibility act, MCL 257.520(b)(2); MSA 9.2220(b)(2), in the Motor Vehicle Accident Claims Act, MCL 257.1102(d); MSA 9.2802(d), was replaced with a reference to MCL 500.3009(2); MSA 24.13009(2).[2]

---

[1] A vigorous dissent was lodged in this case by Judge (now Justice) LEVIN.

[2] MCL 257.1102(d); MSA 9.2802(d), prior to amendment, provided:

The 1971 amendment has not been interpreted as working a change in the state's public policy as set forth in the former statute. The amendment allows only a very narrow exclusion of liability

---

"(d) 'Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of the motor vehicle responsibility law of this state, established pursuant to the provisions of chapter 5 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.501 to 257.532 of Compiled Laws of 1948, and which is not owned by a holder of self-insurance under this law."

MCL 257.520(b)(2); MSA 9.2220(b)(2) provides:

"(b) Such owner's policy of liability insurance:

* * *

"(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: $20,000.00 because of bodily injury to or death of 1 person in any 1 accident and, subject to said limit for 1 person, $40,000.00 because of bodily injury to or death of 2 or more persons in any 1 accident, and $10,000.00 because of injury to or destruction of property of others in any 1 accident."

After the 1971 amendment, MCL 257.1102(d); MSA 9.2802(d) provided:

"(d) 'Uninsured motor vehicle' means a motor vehicle as to which there is not in force a liability policy meeting the requirements of section 3009 of Act 218 of the Public Acts of 1956, as added, being section 500.3009 of the Compiled Laws of 1948, and which is not owned by a holder of self-insurance as provided in section 531 of Act No. 300 of the Public Acts of 1949, as amended, being section 257. 531 of the Compiled Laws of 1948."

MCL 500.3009(1); MSA 24.13009(1) provides:

"Sec. 3009. (1) An automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for property damage, bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall not be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless such liability coverage as is provided therein is subject to a limit, exclusive of interest and costs, of not less than $20,000.00 because of bodily injury to or death of 1 person in any one accident, and, subject to said limit for 1 person, to a limit of not less than $40,000.00 because of bodily injury to or death of 2 or more persons in any one accident, and to a limit of not less than $10,000.00 because of injury to or destruction of property of others in any accident."

coverage when a vehicle is *operated* by a named person. The household exclusion seeks to avoid liability when certain persons are injured. The statutory exclusion is clearly inapplicable in such a situation. *Citizens Mutual Ins Co v Central National Ins Co of Omaha,* 65 Mich App 349, 352-354; 237 NW2d 322 (1975), *Detroit Automobile Inter-Ins Exchange v Van Slyke,* 82 Mich App 237; 266 NW2d 771 (1978).

The exclusionary clause in question is invalid. It is neither authorized by statute nor in harmony with the legislative purpose of comprehensive liability coverage as interpreted by the judiciary.

Reversed.