DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
IRVINE

Docket No. 78-5222. Submitted June 11, 1979, at Lansing.—Decided
September 6, 1979. Leave to appeal applied for.

David Anderson was injured when he was struck by the automobile being driven by David Irvine in an "auto-cross" race sponsored by a sports car club and being held in a public high school parking lot. Janene Henley, next friend of Anderson, filed suit against Irvine, the car club and the school district. Detroit Automobile Inter-Insurance Exchange, insurer of Irvine under a no-fault auto insurance policy, filed the instant action for declaratory judgment against defendant Irvine, seeking to have the automobile insurance policy declared to be not in effect at the time of the accident by reason of the policy provision excluding coverage while the automobile was being operated in a prearranged race or speed contest. Henley, individually and as next friend of Anderson, was permitted to intervene in the declaratory judgment action and argued that the exclusionary clause was invalid and unenforceable because it was contrary to public policy. The Jackson Circuit Court, Russell E. Noble, J., held the language of the insurance policy excluding coverage for a prearranged race or speed contest was invalid. Plaintiff appeals. *Held:*

1. The clause excluding liability coverage when the vehicle is engaged in a race or speed contest is invalid and unenforceable. Such an exclusionary clause is not authorized by the Legislature and operates so as to limit the coverage mandated by the financial responsibility law.

2. The fact that the accident occurred on private property and not on a public highway is irrelevant, since the motor vehicle being driven was designed for operation upon a public road.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] New Topic Service Am Jur 2d, No-Fault Insurance §§ 17, 20.
[2] New Topic Service Am Jur 2d, No-Fault Insurance §§ 14, 15.

1. INSURANCE — AUTOMOBILES — LIABILITY INSURANCE — EXCLUSIONARY CLAUSES — BODILY INJURY — PUBLIC POLICY — STATUTES.

A clause in a no-fault automobile insurance policy which excludes coverage "to any automobile while operated in any prearranged race or speed contest" is invalid and unenforceable with respect to a third-party personal injury claim because it is against public policy, such exclusion not being authorized by the Legislature and operating so as to limit the coverage required by the financial responsibility law (MCL 257.520[b][2], 500.3135; MSA 9.2220[b][2], 24.13135).

2. INSURANCE — AUTOMOBILES — LIABILITY INSURANCE — PRIVATE PROPERTY.

Third-party personal injury coverage by a no-fault automobile insurance policy is not affected by the fact that an accident occurred on private property rather than a public highway where the motor vehicle being driven was designed for operation on a public highway.

*Susskind, Hedstrom & Falahee,* for plaintiff.

*Rosenburg, Stanton, Bullen & Nelson, P.C.* (by *Philip M. Moilanen),* for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

T. M. BURNS, J. Plaintiff, Detroit Automobile Inter-Insurance Exchange (DAIIE), appeals of right a December 5, 1978, lower court order holding a clause in the no-fault auto insurance policy under which defendant David Irvine was insured by plaintiff to be invalid and unenforceable as against public policy. We affirm.

On June 20, 1976, 14-year-old David Anderson was injured when struck by an automobile being driven by defendant. At the time of the accident defendant was driving his car in an "auto-cross"

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

race that was sponsored by the Jackson Small Car Club, Inc., and that was being held on a local public high school parking lot in Jackson, Michigan.

The object of the race was to test the driving skills of participants by having them maneuver their automobiles around pylons that were arranged in a particular manner on the school parking lot. Drivers attempted to execute the course without leaving it or striking any of the pylons. During his attempt, defendant lost control of his vehicle, left the race course and struck Anderson. Anderson was pinned against another vehicle and suffered serious injuries requiring the amputation of part of his right leg.

Through his next friend, Janene Henley, Anderson filed suit against the Jackson Small Car Club, the Jackson public school district and defendant Irvine. Subsequently, on May 19, 1977, DAIIE filed the instant action for declaratory judgment seeking a declaration that the insurance policy under which defendant was insured was not in effect at the time of the accident. The basis for this contention was a provision in the policy that excluded coverage "to any automobile while operated in any prearranged race or speed contest".

Anderson sought, and was granted, permission to intervene in the declaratory judgment action. Anderson argued that the exclusionary clause was invalid and unenforceable because it violated both public policy and the no-fault act. The lower court agreed with Anderson and entered judgment accordingly.

We think it clear that the Legislature intends that automobile insurance policies conform to the dictates of the no-fault act. Where an insurance policy contains an exclusionary clause that was

not contemplated by the Legislature, that clause is invalid and unenforceable. *Community Service Ins Co v Shears,* 89 Mich App 372; 280 NW2d 532 (1979), *Allstate Ins Co v DeFrain,* 81 Mich App 503; 265 NW2d 392 (1978).

While no prior case has addressed the permissibility of the exclusionary clause before us here, in *DeFrain, id.,* this Court held that a household exclusionary clause in an automobile insurance policy was invalid and unenforceable. In reaching this result, the Court noted that even though the no-fault act partially abolished tort remedies, it retained residual liability in some circumstances. See, MCL 500.3135; MSA 24.13135. Upon examining applicable statutes to determine the situations under which the Legislature authorized exclusionary clauses, the Court found that neither MCL 500.3009(2); MSA 24.13009(2), which permits exclusion of coverage when a vehicle is operated by a named person, nor MCL 257.520(b)(2); MSA 9.2220(b)(2), which allows exclusion where a named person operates the motor vehicle and the exclusion is authorized by the insured, provided approval of a household exclusionary clause. Thus, finding no statutory support for the clause the Court held it to be void as against public policy. Other Michigan appellate cases addressing the validity of identical clauses have reached the same result. See, *Community Service Ins Co v Shears, supra, State Farm Mutual Automobile Ins Co v Traycik (After Remand),* 86 Mich App 285; 272 NW2d 629 (1978), *Gurwin v Alcodray,* 77 Mich App 97; 257 NW2d 665 (1977).

Similarly, in *State Farm Mutual Automobile Ins Co v Sivey,* 404 Mich 51; 272 NW2d 555 (1978), the Supreme Court held that an automobile insurance policy that excluded recovery for bodily injury by

an insured owner who was a passenger in the car at the time of the accident, as against a person who was driving it with the owner's permission, was contrary to public policy because its effect was to prevent insurance coverage mandated by the motor vehicle financial responsibility law. MCL 257.520(b)(2); MSA 9.2220(b)(2). In pertinent part, that law provides that all policies of liability insurance:

"Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles."

After quoting from Judge (now Justice) LEVIN's dissent in *Weisberg v Detroit Automobile Inter-Insurance Exchange,* 36 Mich App 513, 524; 194 NW2d 193 (1971), the Court found that the only legislative exception to this broad requirement of liability insurance was that contained in MCL 257.520(e); MSA 9.2220(e):

"Such motor vehicle liability policy need not insure any liability under any workmen's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured, or while engaged in the operation, maintenance or repair of any such motor vehicle nor any liability for damage to property owned by, rented to, in charge of, or transported by the insured."

Having highlighted this exception as the only one clearly authorized by the Legislature, the Supreme Court relied upon the general maxim of

statutory construction that the express mention of one thing implies the exclusion of other similar things, *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), and held the exclusionary clause before it void as against public policy.

We find the reasoning of the Supreme Court in *Sivey* to be persuasive. Defendant has pointed out no legislative authorization for the exclusionary clause that it seeks to use to avoid its liability and our examination of the applicable statutes discloses none. Thus, because the effect of the exclusionary clause's operation would be to limit the coverage required by the motor vehicle financial responsibility law, the clause is against public policy and void.

DAIIE also argues in this appeal that the no-fault statute has no application in this case because the accident occurred on private property and not on a public highway. We hold this claim to be without merit. Defendant Irvine was driving a motor vehicle "designed for operation upon a public highway" at the time of the accident. MCL 500.3101(2); MSA 24.13101(2). The fact that the accident occurred on private property and not on a public highway is irrelevant for the purpose of the no-fault act's applicability.

Affirmed. No costs, a public question being involved.