AMERICAN STATES INSURANCE COMPANY v DETROIT
AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 57799. Submitted March 15, 1982, at Detroit.—Decided
June 22, 1982.

Conrad Jager, while repairing his automobile in a garage at-
tached to the home of his mother, Marie Jager, draped an
electrical cord with an attached light bulb across the raised
hood of his automobile. The light bulb fell, causing a fire which
resulted in damage to real and personal property of Marie
Jager. American States Insurance Company, insurer of the
premises, pursuant to a homeowner's insurance policy issued to
Marie Jager, paid for the damages to the premises. Marie Jager
thereupon executed an assignment of rights to American. Con-
rad Jager's automobile was insured by Detroit Automobile
Inter-Insurance Exchange. American filed suit in Wayne Cir-
cuit Court against DAIIE, seeking to collect property protection
benefits pursuant to the no-fault automobile insurance act. The
court, Irwin H. Burdick, J., granted summary judgment to
DAIIE. The plaintiff appeals. *Held:*

The household exclusion provision in the no-fault act ex-
cludes from coverage any property owned by the insured, the
insured's spouse or a relative of either domiciled in the same
household where any one of them was the owner, registrant or
operator of a vehicle involved in the accident out of which the
injuries arose. It excludes from coverage a class of property and
operates to preclude a residing relative of the insured from
recovering for property damage occurring while the insured is
performing maintenance on his vehicle.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — HOUSEHOLD EXCLUSION.
The household exclusion provision in the no-fault act excludes

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 356, 366.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2, 3] 73 Am Jur 2d, Statutes §§ 145, 146.
[3] 73 Am Jur 2d, Statutes § 249.

from coverage any property owned by the insured, the insured's spouse or a relative of either domiciled in the same household where any one of them was the owner, registrant or operator of a vehicle involved in the accident out of which the injuries arose. It excludes from coverage a class of property and operates to preclude a residing relative of the insured from recovering for property damage occurring while the insured is performing maintenance on his vehicle (MCL 500.3123[1]; MSA 24.13123[1]).

2. STATUTES — JUDICIAL CONSTRUCTION.

The rules of statutory construction require the judiciary to effectuate the intent of the Legislature.

3. STATUTES — POLICY — JUDICIAL CONSTRUCTION.

Policy making is fundamentally a legislative prerogative; the Court of Appeals cannot void legislative actions solely on the basis that it disapproves of the policy which the actions promote.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Susan Tukel* and *Paul H. Johnson, Jr.*), for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Clifford W. Schiesel*), for defendant.

Before: DANHOF, C.J., and BRONSON and J. R. ERNST,* JJ.

BRONSON, J. This appeal raises a question of first impression concerning the proper construction of the household exclusion provision, MCL 500.3123(1)(b); MSA 24.13123(1)(b), contained in the no-fault automobile insurance act. Plaintiff appeals as of right from an order entered in the Wayne County Circuit Court granting summary judgment in favor of defendant pursuant to GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. The circuit court determined

* Circuit judge, sitting on the Court of Appeals by assignment.

that the household exclusion applied in this case so that plaintiff, American States Insurance Company, as subrogee, could not collect property protection benefits from defendant, DAIIE, the no-fault insurer of plaintiff's subrogor's motor vehicle.

A stipulation of facts was entered into between the parties on September 24, 1980. The pertinent portions of this stipulation are set forth:

"1. The plaintiff is a foreign insurance company, duly authorized and licensed to insured *[sic]* property in the State of Michigan, and brings suit in its own name as subrogee of its insured, Marie Jager, by virtue of an equitable assignment of her rights to maintain this action.

"2. That the defendant is a reciprocal inter-insurance exchange duly authorized and licensed to provide automobile insurance in the State of Michigan.

"3. At all times hereinafter mentioned, the plaintiff insured its subrogor, Marie Jager, by virtue of its homeowner's policy, numbered MH-21-037-054, insuring her against loss and damage to property located at 37775 Walnut Street, in the City of Romulus, County of Wayne, State of Michigan.

"4. That at all times relevant hereto one Conrad Jager carried a certain automobile insurance policy with defendant exchange, policy number 8-2575446-03, a copy of which policy is attached hereto and made a part here *[sic]* pertaining to a certain 1975 Ford Pinto automobile.

"5. That the said Conrad Jager is the son of the said Marie Jager and at all times material hereto was residing with and domiciled in the household of Marie Jager at 37775 Walnut, in the City of Romulus, County of Wayne, State of Michigan.

"6. On November 11, 1976, the defendant's insured, Conrad Jager, was engaged in repairs and maintenance of the Ford Pinto automobile while the said vehicle was located in the attached garage on the premises owned by his mother, the plaintiff's subrogor, and while in the process of the said repairs and maintenance, Conrad

Jager had draped an electrical cord with a light bulb attached over the raised hood of his automobile to aid his visibility, and during the course of the repairs, the electrical cord fell, striking the rocker arms of the Ford Pinto automobile from which a fire then ensued caused by gasoline being ignited from the breaking light bulb.

"7. The said fire resulted in damage to real and personal property owned by the said Marie Jager and by virtue of said insurance policy issued by plaintiff, the plaintiff did pay to or on behalf of Marie Jager the sum of thirty-seven thousand ninety-eight and 99/100 dollars ($37,098.99) whereupon it took an assignment of rights, better known as a subrogation agreement, which document was duly executed by the said Marie Jager.

\* \* \*

"9. That defendant's automobile insurance policy number 8-2575446-03, attached hereto, covered the said Ford Pinto automobile and was in full force and effect on the date of loss, specifically, November 11, 1976."

The household exclusion, MCL 500.3123(1); MSA 24.13123(1) provides as is relevant:

"Damage to the following kinds of property is excluded from property protection insurance benefits:

\* \* \*

"(b) Property owned by a person named in a property protection insurance policy, the person's spouse or a relative of either domiciled in the same household, if the person named, the person's spouse, or the relative was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose."

Plaintiff first contends that we must consider MCL 500.3123(1)(b); MSA 24.13123(1)(b) in light of MCL 500.3121(1); MSA 24.13121(1). This latter provision extends property protection insurance benefits "for accidental damage to property arising out of the ownership, maintenance or use of a

motor vehicle". Plaintiff asserts that the household exclusion does not pertain to property damage caused by the *maintenance* of a motor vehicle. This argument is premised on the fact that, unlike the provision providing for property damage benefits, the exclusion never uses the term "maintenance". Plaintiff argues that had the Legislature intended to exclude property damage caused by maintenance, it would have included language to this effect in MCL 500.3123(1); MSA 24.13123(1). We disagree.

The fundamental error with plaintiff's argument is that it assumes that the exclusion embodied in MCL 500.3123(1)(b); MSA 24.13123(1)(b) is concerned with how the property damage arose. The exclusion, however, deals with *what* property is damaged and, unlike MCL 500.3121; MSA 24.13121, not *how* the property loss occurred. MCL 500.3123(1)(b); MSA 24.13123(1)(b) does not exclude coverage because the property damage arose out of the insured's or relative's ownership, registration, or operation of the vehicle, but solely because of the insured's or relative's status as the vehicle's owner, registrant, or operator.

A factual scenario can be envisioned in which the Legislature"s failure to include "maintainer' along with "owner, registrant, or operator of a motor vehicle" in MCL 500.3123(1)(b); MSA 24.13123(1)(b) might make an argument similar to plaintiff's claim viable. If, for instance, the accident in this case occurred while Conrad Jager was doing repair work on his girlfriend's automobile, the failure to include "maintainer" would be critical. In such circumstances, Conrad Jager, "a person named in a property protection insurance policy", and Marie Jager, "a relative" of a person named in a property protection insurance policy

"domiciled in the same household', would not be excluded from obtaining no-fault property protection benefits since neither would be "the owner, registrant, or operator of a motor vehicle involved in the motor vehicle accident out of which the property damage arose". As plaintiff's argument is actually made, however, it compares apples (how the accident occurred) with oranges (what property was damaged).

Statutory construction requires the judiciary to effectuate the intent of the Legislature. *Melia v Employment Security Comm,* 346 Mich 544, 562; 78 NW2d 273 (1956), *Avon Twp v State Boundary Comm,* 96 Mich App 736, 743; 293 NW2d 691 (1980). Construing MCL 500.3121(1); MSA 24.13121(1) and MCL 500.3123(1)(b); MSA 24.13123(1)(b), we are convinced that the exclusion was intended by the Legislature to be operative on the facts of this case.

Plaintiff's second argument is essentially that, if the Legislature did intend to exclude property protection benefits on facts such as are present in the case at bar, the exclusion is void as against public policy. Plaintiff relies primarily on *Plumley v Klein,* 388 Mich 1; 199 NW2d 169 (1972), which abolished the common-law rule in Michigan providing for intra-family tort immunity. However, *Plumley* was not grounded in constitutional law; rather, the abrogation of intra-family tort immunity was decided as a matter of policy, the Supreme Court determining that the rationale for the common-law rule no longer had any continuing vitality:

In the instant case we are not concerned with a nonstatutory common-law rule. Instead, we are dealing with a policy explicitly embodied by legislative action in the no-fault automobile insurance

act. Policy-making is fundamentally a legislative prerogative. See *Morris v Metriyakool,* 107 Mich App 110, 137; 309 NW2d 910 (1981) (BRONSON, J., *concurring in part and dissenting in part).* Plaintiff does not assert that MCL 500.3123(1)(b); MSA 24.13123(1)(b) is unconstitutional. Even if we wanted to, we could not void legislative actions solely on the basis that we disapprove of the policy they promote.

Affirmed. No costs, a question of statutory construction being central to the resolution of this case.