STATE FARM FIRE AND CASUALTY COMPANY v OLD REPUBLIC
INSURANCE COMPANY (ON REMAND)

Docket No. 205260. Submitted January 12, 2000, at Detroit. Decided July
28, 2000, at 9:20 A.M. Leave to appeal sought.

Ibrahim Mroue, while operating a rented truck insured by Old Repub-
lic Insurance Company, struck and damaged property that
belonged to his business and was insured by State Farm Fire and
Casualty Company. State Farm, after paying the resulting claim
under its policy, brought an action in the Wayne Circuit Court
against Old Republic, seeking indemnification as Mroue's subrogee.
The court, Paul S. Teranes, J., granted summary disposition for the
defendant, ruling that Mroue was a named insured under the
defendant's no-fault insurance policy and, as such, is precluded by
subsection 3123(1)(b) of the no-fault act, MCL 500.3123(1)(b); MSA
24.13123(1)(b), from seeking property protection insurance benefits
for damage to his property. The Court of Appeals, NEFF, P.J., and
KELLY and HOOD, JJ., reversed, holding that Mroue was not a named
insured under the defendant's policy and is not subject to subsec-
tion 3123(1)(b). 234 Mich App 465 (1999). State Farm sought leave
to appeal to the Supreme Court, which, in lieu of granting leave to
appeal, remanded the case to the Court of Appeals for reconsidera-
tion of whether the exclusion in subsection 3123(1)(b) applies
whenever the property owner is a named insured under any prop-
erty protection insurance policy, or only when the property owner
is a named insured under the property protection insurance policy
covering the vehicle involved in the motor vehicle accident out of
which the property damage arose. 461 Mich 924 (1999).

On remand, the Court of Appeals held:

Subsection 3123(1)(b) excludes from property protection insur-
ance benefits damage to "[p]roperty owned by a person named in a
property protection insurance policy, the person's spouse or a rela-
tive of either domiciled in the same household, if the person
named, the person's spouse, or the relative was the owner, regis-
trant, or operator of a vehicle involved in the motor vehicle acci-
dent out of which the property damage arose." "[A] property pro-
tection insurance policy," as used in subsection 3123(1)(b), refers
to the property protection insurance policy covering the vehicle or

vehicles involved in the accident. Subsection 3123(1)(b) does not apply to the plaintiff's claim, as subrogee of Mroue, because Mroue was not a named insured under the defendant's policy.

Reversed and remanded.

INSURANCE — NO-FAULT — PROPERTY PROTECTION INSURANCE — HOUSEHOLD EXCLUSION.

The no-fault act excludes from property protection insurance benefits damage to property owned by a person named in a property protection insurance policy, the person's spouse, or a relative of either domiciled in the same household, if the person named, the person's spouse, or the relative was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose; "a property protection insurance policy" means the policy covering the vehicle or vehicles involved in the accident, not any property protection insurance policy (MCL 500.3123[1][b]; MSA 24.13123[1][b]).

*Patrick, Johnson & King, P.C.* (by *Patrick A. King* and *Stacy L. Heinonen*), for the plaintiff.

*James R. Stegman,* for the defendant.

ON REMAND

Before: NEFF, P.J., and KELLY and HOOD, JJ.

PER CURIAM. This case is before us on remand from the Supreme Court for our consideration of language in the no-fault act's "household exclusion," MCL 500.3123(1)(b); MSA 24.13123(1)(b), which excludes property protection insurance coverage for intra-family property damage claims related to motor vehicle accidents. We conclude that the household exclusion's reference to "*a* property protection insurance policy" refers solely to the insurance policy covering the vehicle or vehicles involved in the accident. We therefore reaffirm our previous disposition reversing the trial court's grant of summary disposition for defendant and remand.

I

The underlying facts of this case were set forth in our previous decision, 234 Mich App 465, 466; 595 NW2d 149 (1999):

This case stems from an accident that occurred when Ibrahim Mroue, while operating a rented truck, struck real and personal property owned by Mroue's business. The accident caused $61,879.81 worth of damage, which plaintiff paid to Mroue. Upon payment, plaintiff became subrogated to the rights of Mroue against defendant, the insurer of the truck. Plaintiff filed a complaint alleging that the vehicle insurance policy the rental company had on the truck should provide indemnification to plaintiff for the amount it paid to Mroue for the damage to the real property.

In our earlier decision, we determined that summary disposition for defendant was improper because Mroue was not a named insured on the policy covering the rental truck and, as such, was not a person named in "*a* property protection insurance policy" so as to exclude his property damage claim under the no-fault act's household exclusion. *Id.* at 470. We remanded the case to the trial court for further proceedings. *Id.*

Plaintiff sought leave to appeal to the Supreme Court. In lieu of granting leave, the Supreme Court remanded the case to this Court to consider whether the statutory language "by a person named in *a* property protection insurance policy," MCL 500.3123; MSA 24.13123,

limits the inquiry under § 3123 solely to the property protection insurance policy that covers the "vehicle involved in the motor vehicle accident out of which the property damage arose," or whether damage is excluded from property

protection benefits if the property owner was named in *any* property protection insurance policy. [*State Farm Fire & Casualty Co v Old Republic Ins Co*, 461 Mich 924 (1999) (emphasis in original).]

II

The cardinal rule in interpreting statutes is to ascertain and give effect to the intent of the Legislature. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 27; 528 NW2d 681 (1995). Where the meaning of statutory language is ambiguous, judicial construction is necessary. *Id.* Words are to be accorded their ordinary and generally accepted meaning. *Id.* In interpreting a particular phrase in a statute, the courts must construe the phrase in a way that does not conflict with, or deny effect to, other portions of the statute. *Id.* at 28. An interpretation of a word in the no-fault act must be made in the context of the entire act, after due consideration of other sections of the act, so as to produce an harmonious and consistent enactment as a whole. *Michigan Mut Ins Co v Farm Bureau Ins Group*, 183 Mich App 626, 631-632, 455 NW2d 352 (1990).

III

Under MCL 500.3123; MSA 24.13123, a no-fault insurer's liability to pay property protection benefits is subject to certain statutory exceptions. *Turner, supra* at 28-29. Section 3123 provides:

(1) Damage to the following kinds of property is excluded from property protection insurance benefits:

\*          \*          \*

(b) Property owned by a person named in a property protection insurance policy, the person's spouse or a relative of either domiciled in the same household, if the person named, the person's spouse, or the relative was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose.

Our review of the no-fault act leads only to the conclusion that the statutory language, "by a person named in a property protection insurance policy," refers to the property protection insurance policy of the vehicle or vehicles involved in the accident at issue. We find no contextual evidence in the no-fault act that the Legislature intended the household exclusion to broadly apply to a person named in *any* property protection insurance policy. The no-fault act uses the phrase "a policy" in reference to personal protection insurance benefits and personal injury insurance benefits under the no-fault act. MCL 500.3114(1); MSA 24.13114(1). In § 3123, the reference to "a person named in a property protection insurance policy" is followed thereafter with "if the person named . . . was the owner, registrant, or operator of a vehicle involved in the motor vehicle accident out of which the property damage arose."

We do not find the use of the article "a" in this instance to be of particular significance. The use of the word "a" appears to be dictated by the grammatical construction of the sentence and the fact that the matter at issue is "the motor vehicle accident" rather than the policy or the vehicle, both of which are preceded by the use of the indefinite article "a." Moreover, we recognize, as apparently did the Legislature, that an accident may involve more than one vehicle and more than one policy, thereby precluding the use

of the definite article "the" before those words. See MCL 500.3125; MSA 24.13125; see also *Turner, supra* at 34-35, 44-45.

In case law that has addressed the household exclusion we find no indication that the Legislature intended a universal reference to *any* named insured in *any* policy. The clear presumption in the legal analyses is that the household exclusion was intended to exclude from automobile no-fault coverage property damage covered by a homeowner's policy of the insured or a household member who is also the owner, registrant, or operator of the vehicle involved. 41 ALR4th 973; *Shavers v Attorney General*, 402 Mich 554, 626; 267 NW2d 72 (1978); *Cincinnati Ins Co v Pennsylvania General Ins Co*, 209 Mich App 379, 380-381; 531 NW2d 741 (1995); *American States Ins Co v DAIIE*, 117 Mich App 361; 323 NW2d 705 (1982).

Finally, in interpreting no-fault exclusionary clauses, the courts have referred to the financial responsibility act, MCL 257.501 *et seq.*; MSA 9.2201 *et seq.*, as a guidepost for interpreting statutory insurance exclusions. *State Farm Mut Automobile Ins Co v Roe (On Rehearing)*, 226 Mich App 258, 267-268; 573 NW2d 628 (1997); *Community Service Ins Co v Shears*, 89 Mich App 372, 374-376; 280 NW2d 532 (1979); *State Farm Mut Automobile Ins Co v Traycik (After Remand)*, 86 Mich App 285, 289-292; 272 NW2d 629 (1978). Historically, Michigan has recognized an insurance exclusion under financial responsibility law for " 'liability for damage to property owned by, rented to, in charge of, or transported by the *insured.*' " *Weisberg v DAIIE*, 36 Mich App 513, 529; 194 NW2d 193 (1971) (LEVIN, P.J., dissenting), quoting MCL 257.520(e); MSA 9.2220(e); see also *State Farm*

*Mut Automobile Ins Co v Sivey,* 404 Mich 51, 57; 272 NW2d 555 (1978); *DAIIE v Irvine,* 92 Mich App 371, 375; 284 NW2d 535 (1979). The financial responsibility act exclusion explicitly applies to *the* insured, not *an* insured. Our reading of the household exclusion in the no-fault act is consistent with the statutory property damage exclusion under motor vehicle financial responsibility law. See *id.*

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.